WALKER v CONSOLIDATED RAIL CORPORATION

Docket No. 103848. Submitted March 23, 1989, at Detroit. Decided July 17, 1989. Leave to appeal applied for.

Sylvia A. Walker, a black employee of Consolidated Rail Corporation, exercised her seniority rights pursuant to the collective bargaining agreement between her union and employer in seeking a transfer to a position under the supervision of Kenneth E. Parish. Under the terms of the collective bargaining agreement, Walker had thirty days to qualify for her new position. She was subsequently determined to be unqualified for the new position. In accordance with the collective bargaining agreement, Walker filed a grievance concerning the disqualification. While the grievance was pending, Walker brought an action in Wayne Circuit Court against Consolidated Rail Corporation and Kenneth E. Parish. She alleged racial discrimination by defendants in violation of the Civil Rights Act. Walker's grievance was ultimately resolved in her favor based on a finding that her disqualification had violated the collective bargaining agreement. Walker was reinstated with back pay. The Wayne Circuit Court, John R. Kirwan, J., thereafter granted summary disposition in favor of defendants, ruling that plaintiff's discrimination claim and her grievance were related, and the discrimination claim was therefore preempted by the Railway Labor Act, 45 USC 151 *et seq.* Plaintiff appealed.

The Court of Appeals *held:*

Disputes between railroad carriers and their employees arising out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions are to be resolved under the exclusive administrative proceedings and remedies afforded by the Railway Labor Act. In this case, since the resolution of plaintiff's racial discrimination claim does not depend upon interpretation of the collective

REFERENCES

Am Jur 2d, Civil Rights §§ 98 *et seq.*; Job Discrimination §§ 57-63; Labor and Labor Relations §§ 1698 *et seq.*

Racial discrimination in labor and employment—Supreme Court cases. 28 L Ed 2d 928.

bargaining agreement, plaintiff's action is not preempted by the Railway Labor Act.

Order of summary disposition is vacated.

1. LABOR RELATIONS — RAILWAY LABOR ACT — COLLECTIVE BARGAINING AGREEMENTS.

Disputes between railroad carriers and their employees arising out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions are to be resolved under the exclusive administrative proceedings and remedies afforded by the Railway Labor Act (45 USC 151 *et seq.*).

2. LABOR RELATIONS — RAILWAY LABOR ACT — CIVIL RIGHTS ACT.

An action alleging racial discrimination in violation of the Civil Rights Act brought by an employee of a railroad carrier against his employer is not preempted by the Railway Labor Act where resolution of the action does not depend upon interpretation of the collective bargaining agreement between the employer and the employee's labor union (45 USC 151 *et seq.*; MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RACIAL DISCRIMINATION — DISPARATE TREATMENT.

The plaintiff in an employment discrimination action based on a claim of disparate treatment because of race can establish a prima facie case of discrimination by showing that he is a member of a class protected by the Civil Rights Act and that, for the same or similar conduct, he was treated differently than one who was a member of a different race.

4. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — BURDEN OF PROOF.

The plaintiff in an employment discrimination action has the burden of proving by a preponderance of the evidence a prima facie case of discrimination; if the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason why the plaintiff was rejected, or someone else preferred; should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiff.

*Squire, Sanders & Dempsey* (by *Ronald J. James* and *Mark S. Floyd*), *Durkin, McDonnell & Clifton* (by *T. Patrick Durkin*), and *Cary A. Metz*, of Counsel, for defendants.

Before: BEASLEY, P.J., and GILLIS and BRENNAN, JJ.

BRENNAN, J. In this case, plaintiff, who is black, sued defendants alleging that they discriminated against her on the basis of race in violation of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* We hold that plaintiff's claim is not preempted by the Railway Labor Act, 45 USC 151 *et seq.* The trial court's order for summary disposition in favor of defendants is vacated.

Plaintiff began her employment with Consolidated Rail Corporation in 1976 as a stenographer. Her employment was subject to the collective bargaining agreement in effect between her union and Conrail.

In September, 1983, plaintiff exercised her seniority rights under the collective bargaining agreement and bid into a steno-clerk position in the area engineer's office under the supervision of Kenneth Parish. Under the collective bargaining agreement, plaintiff had thirty days to qualify for her new position. Approximately one month later, plaintiff was disqualified from the position because of her alleged inability to handle the secretarial duties in the office.

In accordance with the terms of the collective bargaining agreement, plaintiff filed a grievance concerning her disqualification. In August, 1986, the public law board assigned to hear the grievance ruled that plaintiff had been disqualified from the steno-clerk position in violation of the collective bargaining agreement. The board found that

plaintiff was not properly trained, was misled as to the duties to be performed and was pressured by the employee whom plaintiff "bumped." The board awarded plaintiff full back pay and ordered Conrail to reinstate her.

Plaintiff began this action in February, 1985, while her grievance was pending. Plaintiff alleged in her complaint that defendants discriminated against her on the basis of race by improperly training her, misleading her as to the duties she had to perform, harassing her, disqualifying her from the steno-clerk position despite the fact that she was qualified for the job, and refusing to disqualify a white co-worker who performed her duties more slowly and poorly.

In September, 1987, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(4). The trial court ruled that plaintiff's discrimination claim and her grievance were related and, therefore, the discrimination claim was preempted by the Railway Labor Act.

On appeal, plaintiff argues that her discrimination claim is not preempted by the Railway Labor Act. Plaintiff contends that the discrimination claim is distinguishable from her grievance and does not depend upon an interpretation of the collective bargaining agreement for its resolution. Defendants, on the other hand, argue that any claim based upon a collective bargaining agreement is a "minor dispute" within the exclusive jurisdiction of the Railway Labor Act. Defendants argue that plaintiff's grievance claim and her discrimination claim are identical and, therefore, the discrimination claim is preempted by the act.

Section 3 of the Railway Labor Act provides for the resolution of disputes between railroad carriers and their employees arising out of "grievances or out of the interpretation or application of agree-

ments concerning rates of pay, rules, or working conditions." 45 USC 153 First (i). Disputes that involve the interpretation of collective bargaining agreements are characterized as "minor" for which the administrative procedures and remedies afforded by the Railway Labor Act are exclusive. *McCall v Chesapeake & Ohio R Co,* 844 F2d 294, 300 (CA 6, 1988), cert den — US —; 109 S Ct 196; 102 L Ed 2d 166 (1988).

In *Michigan Canners & Freezers Ass'n, Inc v Agricultural Marketing & Bargaining Bd,* 467 US 461, 469; 104 S Ct 2518; 81 L Ed 2d 399 (1984), the United States Supreme Court identified three ways by which federal law may preempt state law:

> First, in enacting the federal law, Congress may explicitly define the extent to which it intends to pre-empt state law. E.g., *Shaw v Delta Air Lines, Inc,* [463 US 85, 95-96; 103 S Ct 2890, 2898-2899; 77 L Ed 2d 490 (1983).] Second, even in the absence of express pre-emptive language, Congress may indicate an intent to occupy an entire field of regulation, in which case the States must leave all regulatory activity in that area to the Federal Government. E.g., *Fidelity Federal Savings & Loan Assn v De la Cuesta,* [458 US 141, 153; 102 S Ct 3014, 3022; 73 L Ed 2d 664 (1982)]; *Rice v Santa Fe Elevator Corp,* [331 US 218, 230; 67 S Ct 1146, 1152; 91 L Ed 1447 (1947)]. Finally, if Congress has not displaced state regulation entirely, it may nonetheless pre-empt state law to the extent that the state law actually conflicts with federal law. Such a conflict arises when compliance with both state and federal law is impossible, *Florida Lime & Avocado Growers, Inc v Paul,* [373 US 132, 142-143; 83 S Ct 1210, 1217; 10 L Ed 2d 248 (1963)], or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

In *Colorado Anti-Discrimination Comm v Conti-*

*nental Air Lines, Inc,* 372 US 714; 83 S Ct 1022; 10 L Ed 2d 84 (1963), the United States Supreme Court held that a Colorado statute prohibiting racial discrimination was not preempted by the Railway Labor Act. The Court stated that the Railway Labor Act does not explicitly or implicitly preempt racial discrimination claims based upon state law. *Id.* at 1027.

Furthermore, the Civil Rights Act does not conflict with the Railway Labor Act. Resolution of plaintiff's racial discrimination claim does not depend upon the interpretation of the collective bargaining agreement. See *McCall, supra.*

To establish her claim of racial discrimination under the Civil Rights Act as pled in her complaint, plaintiff must prove either that she was a member of a class entitled to protection under the act and that, for the same or similar conduct, she was treated differently than one who was a member of a different race, or that she was a member of a protected class, that she was disqualified, and that defendants were predisposed to discriminate against persons in her class and had actually acted on that disposition in disqualifying her. *Marsh v Dep't of Civil Service (After Remand),* 173 Mich App 72, 79; 433 NW2d 820 (1988). Once proven, the burden shifts to defendants to articulate some nondiscriminatory reasons for the disqualification. If defendants are able to meet this burden, plaintiff must have the chance to prove that the reasons offered by defendants were a pretext for discrimination. *Sisson v University of Michigan Bd of Regents,* 174 Mich App 742, 746; 436 NW2d 747 (1989).

The focus of inquiry under either theory is upon the motivation behind plaintiff's disqualification, not whether plaintiff was disqualified in accor-

dance with the terms of the collective bargaining agreement. Neither theory requires an interpretation of the collective bargaining agreement. Plaintiff's racial discrimination claim is independent of the collective bargaining agreement and is not preempted by the Railway Labor Act. The fact that plaintiff's racial discrimination claim may relate to the collective bargaining agreement does not mandate preemption. *Lingle v Norge Div of Magic Chef, Inc,* 486 US —; 108 S Ct 1877; 100 L Ed 2d 410 (1988); *Allis-Chalmers Corp v Lueck,* 471 US 202; 105 S Ct 1904; 85 L Ed 2d 206 (1985).

Vacated.