HALL v KELSEY-HAYES COMPANY

Docket No. 113326. Submitted March 15, 1990, at Detroit. Decided
June 18, 1990. Leave to appeal applied for.

William T. Hall brought an action under the Civil Rights Act in
the Wayne Circuit Court against his employer, Kelsey-Hayes
Company, alleging racial discrimination and improper retalia-
tion. Defendant asserted that its actions were in accord with its
collective bargaining agreement with its employees and moved
for summary disposition on the ground that the claims were
preempted by § 301 of the Labor Management Relations Act, 29
USC 185. The circuit court, Roland L. Olzark, J., denied defen-
dant's motion. The Court of Appeals granted defendant's appli-
cation for leave to appeal.

The Court of Appeals *held:*

1. The trial court properly found that plaintiff's discrimina-
tion claims are not preempted by § 301. Where the plaintiff
alleges discriminatory disparate treatment and the defendant
claims that plaintiff's treatment was in accordance with the
terms of the collective bargaining contract, there is no federal
preemption of plaintiff's discrimination claims.

2. Plaintiff's claims are not barred by the provisions of the
Labor Management Relations Act regarding exhaustion of
available remedies and the period of limitation for § 301 ac-
tions.

Affirmed.

1. Labor Relations — Federal Preemption.
    State courts are not preempted from determining questions of
    law involving labor relations where such questions do not
    involve construing a collective bargaining agreement.

2. Labor Relations — Labor Management Relations Act — Fed-
    eral Preemption.
    State law discrimination claims which assert denial of rights
    under a collective bargaining contract require the interpreta-

References
Am Jur 2d, Civil Rights § 102; Labor and Labor Relations § 1931.
See the Index to Annotations under Discrimination; Collective
Bairganing; Pre-emption.

tion of the contract and, therefore, are preempted by the Labor Management Relations Act; however, there is no federal preemption of plaintiff's discrimination claims where the plaintiff alleges discriminatory disparate treatment and the defendant claims that plaintiff's treatment was in accordance with the terms of the collective bargaining contract (29 USC 185).

3. CIVIL RIGHTS — EXHAUSTION OF REMEDIES.

The Civil Rights Act does not require a plaintiff to exhaust all available remedies prior to filing suit (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

*Shrauger, Dunn & Aronson, P.C.* (by *Gary A. Benjamin*), for plaintiff.

*Berry, Moorman, King & Hudson, P.C.* (by *Thomas M. Sullivan, Sheryl A. Laughren,* and *Barbara D. Urlaub*), for defendant.

Before: REILLY, P.J., and MICHAEL J. KELLY and H. E. DEMING,* JJ.

MICHAEL J. KELLY, J. Defendant Kelsey-Hayes Company appeals from the circuit court's denial of its motion for summary disposition of plaintiff William T. Hall's discrimination suit brought under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* We affirm the circuit court.

Plaintiff William T. Hall, who is black, has been employed by defendant Kelsey-Hayes Company since 1965. Since 1975, Hall has unsuccessfully tried for a tool and die apprenticeship at Kelsey-Hayes. He was placed in an apprenticeship program briefly but was laid off and then returned to semiskilled production work. Plaintiff later attempted to apply for other apprenticeship programs but defendant denied his application. Plaintiff filed suit against defendant in May of 1986, claiming that defendant's treatment of him vio-

* Former circuit judge, sitting on the Court of Appeals by assignment.

lated the Civil Rights Act. Count I of plaintiff's complaint alleged racial discrimination in denying plaintiff access to apprenticeship programs. It also alleged that he and other black employees were denied wait-listing for apprenticeships, while white employees were allowed to place their names on the list and have been placed in apprenticeship programs. He alleged that this disparate treatment was based upon race. Count II of plaintiff's complaint alleged a claim for improper retaliation against plaintiff by defendant in response to plaintiff's filing a claim with the Michigan Department of Civil Rights.

Defendant denied racial discrimination, asserting that plaintiff's layoffs and recalls were in accord with its collective bargaining agreement with its employees. Defendant moved for summary disposition of plaintiff's civil rights action on the ground that the claims were preempted by § 301 of the Labor Management Relations Act, 29 USC 185. Defendant argued that because the issue whether plaintiff could be placed into an apprenticeship program would be controlled by the terms of the collective bargaining agreement, plaintiff's discrimination claims were dependent upon interpretation of the bargaining agreement and, thus, were preempted by federal law.

The circuit court disagreed with defendant's reasoning and denied its motion for summary disposition. The court cited *Lingle v Norge Division of Magic Chef, Inc,* 486 US 399; 108 S Ct 1877; 100 L Ed 2d 410 (1988), and *Smolarek v Chrysler Corp,* 858 F2d 1165 (CA 6, 1988), reasoning:

> The factual determination which must be made to resolve plaintiff's discrimination claim on the defense raised by defendant, is whether defendant took the alleged actions adverse to plaintiff be-

cause of his race or color, or solely because defendant felt bound by the collective-bargaining agreement to do so. It does not require the Court to determine whether or not defendant's interpretation of the agreement is correct as a matter of federal labor law. In other words, the question which must be resolved is the factual one of motivation and not the legal one of interpretation of the collective bargaining agreement. Therefore, under *Lingle* and *Smolarek,* the plaintiff's cause of action is not pre-empted by the NLRA and defendant's motion must be denied.

I

Defendant argues that the circuit court erred in finding that plaintiff's discrimination claims are not preempted by § 301 of the LMRA. Defendant contends that plaintiff's claims seek to enforce rights under the collective bargaining agreement and are dependent upon the interpretation of the agreement. We disagree.

In *Lingle, supra,* the Supreme Court held that § 301 will preempt a claim based upon state law only where the claim requires interpretation of a collective bargaining agreement. 486 US 413. State courts are not preempted from determining questions of law involving labor relations where such questions do not involve construing a collective bargaining agreement. *Id.* State law discrimination claims which assert denial of rights under a collective bargaining contract necessarily require the interpretation of the contract, and so are preempted by § 301. *Cuffe v General Motors Corp (On Remand),* 180 Mich App 394, 395-396; 446 NW2d 903 (1989). However, where the plaintiff alleges discriminatory disparate treatment and the defendant claims that plaintiff's treatment was in accordance with the terms of the collective bar-

gaining contract, there is no federal preemption of plaintiff's discrimination claims. *Walker v Consolidated Rail Corp*, 178 Mich App 451, 456-457; 444 NW2d 199 (1989); *Smolarek, supra.*

Review of plaintiff's complaint indicates that it does not assert denial of rights under the collective bargaining contract but, rather, that defendant treated him differently than similarly situated white employees, who were permitted to enter apprenticeship programs and switch trades. Defendant contends that it was not motivated by racial discrimination, but was only acting according to the terms of the collective bargaining agreement. Thus, the focus of inquiry in this case is not upon the interpretation of the collective bargaining contract, but on whether plaintiff in fact received disparate treatment and whether this treatment was motivated by racial discrimination. Plaintiff's claims are not preempted by § 301 of the LMRA.

II

Defendant also argues that plaintiff's claims are barred by his failure to exhaust his available remedies under the collective bargaining agreement and by the six-month period of limitation for § 301 actions. Such defenses would be operative if plaintiff's claims were brought pursuant to § 301 of the LMRA. However, plaintiff's claims were brought under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.,* which is the controlling statute. Unlike the LMRA, the Civil Rights Act does not require a plaintiff to exhaust all available remedies prior to filing suit, nor does it contain a six-month limitation period. Plaintiff's claim is not barred by the provisions of the LMRA.

Affirmed.