### BETTY v BROOKS & PERKINS

Docket No. 121952. Submitted April 23, 1992, at Detroit. Decided January 19, 1993, at 9:25 A.M. Leave to appeal sought.

Carnell Betty brought an action in the Wayne Circuit Court against Brooks & Perkins, her employer, alleging race and sex employment discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The defendant alleged that its treatment of the plaintiff was mandated by a collective bargaining agreement and a letter of understanding. The court, William Leo Cahalan, J., granted summary disposition for the defendant, finding the plaintiff's claim to be preempted by § 301 of the federal Labor Management Relations Act, 29 USC 185. The plaintiff appealed.

The Court of Appeals *held:*

The court erred in ruling that the plaintiff's claim was preempted by federal labor law. Section 301 preempts a claim based upon state law only where the claim requires interpretation of a collective bargaining agreement. State courts are not preempted from determining questions of law involving labor relations where such questions do not involve construction of a collective bargaining agreement. The questions to be resolved in this case, whether the plaintiff was subjected to disparate treatment and, if so, whether the treatment was motivated by racial discrimination, are factual, regarding the motivation of the defendant, and not legal, requiring interpretation of the collective bargaining agreement. Where a plaintiff alleges discriminatory disparate treatment and the defendant claims that the treatment was in accordance with the terms of a collective bargaining agreement, there is no federal preemption of the discrimination claim.

Reversed and remanded.

MICHAEL J. KELLY, J., dissenting, stated that the resolution of the plaintiff's claims involves interpretation of the collective bargaining agreement.

*Rodrick K. Green,* for the plaintiff.

*Reynolds, Beeby & Magnuson, P.C.* (by *Jonathan N. Wayman*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

JANSEN, P.J. On July 2, 1985, plaintiff filed this action against defendant alleging discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* On September 22, 1989, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff appeals as of right, and we reverse.

The sole issue raised on appeal is whether the trial court properly ruled that plaintiff's claim was preempted by federal labor law. We conclude that the trial court erred in so ruling.

Plaintiff alleged that she was discriminated against by defendant on the basis of race and sex. Specifically, plaintiff claims that she was laid off by defendant despite having passed a welding test, whereas a white male who failed the test was not laid off. Defendant alleged that its treatment of plaintiff was mandated by a collective bargaining agreement and a letter of understanding.

Section 301 of the Labor Management Relations Act (LMRA), 29 USC 185, preempts a claim based upon state law only where the claim requires interpretation of a collective bargaining agreement. *Lingle v Norge Division of Magic Chef, Inc,* 486 US 399, 413; 108 S Ct 1877; 100 L Ed 2d 410 (1988); *Hall v Kelsey-Hayes Co,* 184 Mich App 277, 280; 457 NW2d 143 (1990). State courts are not preempted from determining questions of law involving labor relations where such questions do not involve construing a collective bargaining agreement. *Lingle,* p 413; *Hall,* p 280.

In this case, as in *Hall,* the focus of inquiry is not upon the interpretation of the collective bargaining agreement, but on whether plaintiff was the recipient of disparate treatment and whether

that treatment was motivated by racial discrimination. *Id.,* pp 279-281. The question to be resolved is a factual one regarding the motivation of defendant, and not the legal one of interpretation of the collective bargaining agreement. *Id.,* p 280.

Although it is true that state law discrimination claims that assert denial of rights under collective bargaining agreements necessarily require the interpretation of the agreement, and are therefore preempted by federal labor law, "where the plaintiff alleges discriminatory disparate treatment and the defendant claims that plaintiff's treatment was in accordance with the terms of the collective bargaining contract, there is no federal preemption of plaintiff's discrimination claims." *Id.,* pp 280-281.

We conclude, consistent with *Hall,* that plaintiff's claims are not preempted by § 301 of the LMRA. We reverse the order of the trial court and remand the case for further proceedings.

Reversed and remanded.

GRIFFIN, J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* I dissent because I believe the plaintiff's claims involve interpretation of the collective bargaining agreement, particularly those areas regarding seniority and layoff. I do not see how plaintiff's claim of denial of shift preference can be resolved without interpretation of the collective bargaining agreement. It is inextricably intertwined because it involves seniority rights, job preference rights, and union grievance procedures. Resolution of these issues involves interpretation of the collective bargaining agreement, and I believe the trial court's determination that federal law governs was correct. *Metro v Ford Motor Co,* 169 Mich App 549, 552-553; 426 NW2d 700 (1988).