COLE v GENERAL MOTORS CORPORATION

Docket No. 206057. Submitted March 2, 1999, at Detroit. Decided June 29, 1999, at 9:00 A.M.

Rex A. Cole brought an action in the Genesee Circuit Court against General Motors Corporation, alleging violation of the Civil Rights Act on the basis that the plaintiff, a Caucasian male, was excluded from a preapprentice training program that the defendant instituted as part of an affirmative action plan implemented pursuant to a conciliation agreement between the defendant, the federal Equal Employment Opportunity Commission (EEOC), and the United Automobile, Aerospace, and Agricultural Implement Workers of America. The plan was not submitted to or approved by the Michigan Civil Rights Commission. The court, Geoffrey L. Neithercut, J., granted summary disposition in favor of the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. Summary disposition was properly granted on the basis that subsection 813(b) of title VII bars any action or proceeding based on any alleged unlawful employment practice where the defendant proves that it acted in good faith and in reliance on an EEOC opinion. 42 USC 2000e—12(b).

2. The training at issue was offered in a good-faith attempt to comply with the conciliation agreement and in reliance on an EEOC opinion letter that qualified as an EEOC opinion under subsection 713(b).

3. Because the defendant would be insulated from liability under title VII under the circumstances of this case, the defendant is also insulated from liability under the Civil Rights Act.

Affirmed.

GRIBBS, P.J., concurring, wrote separately to state that the Civil Rights Act clearly and unambiguously provides that a voluntary affirmative action program is invalid unless it has been approved by the Michigan Civil Rights Commission.

CIVIL RIGHTS — MASTER AND SERVANT — EMPLOYMENT PRACTICES — EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

Subsection 713(b) of title VII insulates an employer from liability for decisions made in reliance on an opinion of the federal Equal

Employment Opportunity Commission where the employer acted in good faith with regard to an affirmative action plan created in reliance on an EEOC opinion; title VII bars any action or proceeding based on any alleged unlawful employment practice if the employer proves that it acted in good faith and in reliance on an EEOC opinion; the employer is also insulated from liability in an action under § 202 of the Michigan Civil Rights Act where the employer would be insulated from liability under title VII (42 USC 2000e—12[b]; MCL 37.2202; MSA 3.548[202]).

*Law Office of Glen N. Lenhoff* (by *Glen N. Lenhoff*), for the plaintiff.

*Stuart R. Cohen*, for the defendant.

Before: GRIBBS, P.J., and GRIFFIN and WILDER, JJ.

GRIFFIN, J. Plaintiff Rex A. Cole appeals as of right an order of the circuit court granting summary disposition in favor of defendant General Motors Corporation pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff is a Caucasian male who brought this claim under § 202 of the Michigan Civil Rights Act, MCL 37.2202; MSA 3.548(202), because he was excluded from a preapprentice training program that defendant instituted for women and minorities as part of an affirmative action plan. The plan was implemented pursuant to a conciliation agreement between defendant, the federal Equal Employment Opportunity Commission (EEOC), and the United Automobile, Aerospace, and Agricultural Implement Workers of America, but was not submitted to or approved by the Michigan Civil Rights Commission.

A trial court's grant of summary disposition is reviewed de novo on appeal. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition is properly granted when there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). See *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996). In this case, the parties do not dispute any material facts on appeal. The legality of the affirmative action plan is a question of law for the court to decide. See *Betty v Brooks & Perkins*, 198 Mich App 28, 29; 497 NW2d 512 (1993), aff'd 446 Mich 270; 521 NW2d 518 (1994).

Defendant claims that it was entitled to judgment as a matter of law because title VII bars "*any* action or proceeding based on *any* alleged unlawful employment practice" if the defendant proves that it acted in good faith and in reliance on an EEOC opinion. Subsection 713(b), 42 USC 2000e—12(b) (emphasis added). We agree. Subsection 713(b) of title VII "insulates employers from liability for decisions made in reliance on an EEOC opinion" when the employer acted in good faith on an affirmative action plan created in reliance on an EEOC opinion. *Plott v General Motors Corp, Packard Electric Division*, 71 F3d 1190, 1194 (CA 6, 1995).

In *Plott*, the Sixth Circuit Court of Appeals upheld a grant of summary judgment in favor of defendant General Motors in a reverse discrimination suit brought under title VII by a white male who was denied preapprenticeship training. Because a 1983 EEOC conciliation agreement with General Motors directed the defendant to " 'provide pre-apprentice training for minorities and women at selected facilities where openings are anticipated in the foreseeable future,' " General Motors created a preapprenticeship training program at its Packard Electric Division in 1987. *Id.* at 1192. In the year following adoption of

the conciliation agreement, the EEOC sent defendant a letter stating that, in its opinion, " 'any action or omission of General Motors Corporation . . . taken in a good faith attempt to comply with the affirmative action or other provisions of the Conciliation Agreement . . . will not constitute a violation of any of the provisions of Title VII.' " *Id.* at 1194. The plaintiff had been on the initial list of qualified people for the program, but this list did not comport with the agreement because it contained too few women and minorities. The plaintiff was ultimately displaced from the list by women and minorities who exceeded his score after taking the preapprentice training class. *Id.* at 1192-1193.

The *Plott* court held that the EEOC's opinion letter "met all the requirements of 29 CFR § 1601.93 (1995) and therefore qualified as an EEOC opinion under § 713(b)." *Id.* at 1194. The court further held that the plaintiff's claim was barred under subsection 713(b) of title VII because General Motors made its decision in a good-faith attempt to comply with the terms of the agreement and in reliance on the EEOC opinion letter's assurance that actions taken under the agreement would not be held to violate title VII. *Id.* at 1194-1195. The court finally noted that the preapprentice program met the requirements for affirmative action plans as determined by federal case law because it did not take away white males' seniority rights, require their replacement, or prevent them from participating in the apprenticeship program. *Id.* at 1195.

In the present case, both the preapprentice training program and the circumstances leading to defendant's decision to offer it are virtually identical to those in

*Plott.* The affirmative action plan at issue is a preapprentice training program at another plant created pursuant to the same conciliation agreement and same EEOC opinion letter as in *Plott.* While Michigan courts are not bound by federal title VII precedent in interpreting Michigan Civil Rights Act cases, such precedent is highly persuasive. *Victorson v Dep't of Treasury*, 439 Mich 131, 142; 482 NW2d 685 (1992); *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 437; 566 NW2d 661 (1997). Furthermore, defendant has presented uncontroverted, documentary evidence that the training at issue was offered in a good-faith attempt to comply with the conciliation agreement and in reliance on the EEOC opinion letter. Plaintiff does not allege that defendant acted in bad faith in the instant case. Therefore, we conclude that, because defendant would be insulated from liability under title VII under the circumstances of this case, *Plott, supra*, defendant is also insulated from liability under the Civil Rights Act. Cf. *Loomis v General Motors Corporation*, 70 Fair Empl Prac Cas (BNA) 691 (ED Mich, 1994).

Accordingly, the trial court did not err in granting defendant's motion for summary disposition. In view of our disposition, it is unnecessary for us to address the additional grounds for affirmance argued by defendant.

Affirmed.

WILDER, J., concurred.

GRIBBS, P.J., *(concurring).* I agree with the majority that, under the current state of Michigan jurisprudence, defendant's insulation from liability under title VII also, in effect, insulates it under the Michigan

Civil Rights Act. See *Victorson v Dep't of Treasury*, 439 Mich 131; 482 NW2d 685 (1992).

I write separately, however, to again state my view that the Civil Rights Act clearly and unambiguously provides that a voluntary affirmative action program is invalid unless it has been approved by the Michigan Civil Rights Commission. As I stated in *Victorson v Dep't of Treasury*, 183 Mich App 318, 323; 454 NW2d 256 (1990), rev'd 439 Mich 131; 482 NW2d 685 (1992), "[t]he mere fact that a statute appears impolitic or unwise is not sufficient for judicial construction but is a matter for the Legislature." I urge the Supreme Court to revisit this matter.