MEYER v CITY OF CENTER LINE

Docket Nos. 209280, 212506. Submitted June 13, 2000, at Detroit. Decided September 15, 2000, at 9:10 A.M.

Carrie Meyer, while employed by the 37th District Court in the city of Center Line, applied for a reserve police officer position with the city of Center Line, but was turned down. Meyer filed a complaint with the Equal Employment Opportunity Commission alleging gender-based discrimination by the city. Claiming depression and anxiety caused by harassment by co-workers, Meyer resigned from her position with the district court. Meyer then brought an action in the Macomb Circuit Court against the city of Center Line, the 37th District Court, and others, raising discrimination, sexual harassment, and retaliation claims under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The court, Pat M. Donofrio, J., summarily dismissed the hostile work environment claim against the district court and its administrator. A jury returned a verdict in favor of the defendants, with the exception of the city, which the jury found to have discriminated against the plaintiff, but nevertheless to be not liable for damages because the discrimination had not caused the injuries claimed by the plaintiff. The court entered a judgment of no cause of action. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in denying the plaintiff's motion for a new trial on the asserted ground that the trial court had mishandled and lost a note from the jurors during their deliberations. The plaintiff suffered no prejudice when the trial court responded to the note without consulting with counsel inasmuch as the note asked about an administrative matter, i.e., procedure in answering questions on the verdict form, and MCR 6.414(A), which the plaintiff claimed was violated by the trial court, is a rule of criminal procedure that pertains to a court's responsibility during a criminal jury trial and does not apply to this case.

2. No manifest injustice resulted from the trial court's supplemental instruction concerning the retaliation claims against defendants city, Reserve Lieutenant Arthur Rostow, and Director of Public Safety Gerald Solai. The trial court accurately and fairly presented the applicable law in telling the jury that if it found that the 37th

District Court had retaliated against the plaintiff, but that its retaliation was not the result of any action or encouragement on the part of the city, Rostow, or Solai, then the city, Rostow, and Solai could not be held liable for retaliation.

3. The trial court abused its discretion in excluding from evidence offensive notes or cartoons that were allegedly left on the plaintiff's desk or around her work station. Those items were relevant to the question whether a supervisor's failure to take action to stop harassment of the plaintiff by her co-workers constituted an adverse employment action for purposes of her claim under the Civil Rights Act that she suffered retaliation for opposing a violation of the Civil Rights Act.

4. The trial court erred in granting summary disposition of the hostile work environment claim against the 37th District Court and court administrator Jim Conrad. The plaintiff established a prima facie case of hostile work environment such that summary disposition should not have been granted under MCR 2.116(C)(8). Summary disposition was erroneously granted under MCR 2.116(C)(10) inasmuch as the district court and Conrad failed to establish that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law.

5. The trial court did not abuse its discretion in denying the plaintiff's request for an award of costs and attorney fees under the Civil Rights Act. A party must be a financially successful or prevailing party in order to be entitled to such an award. The plaintiff has not prevailed on any of her claims so far and therefore is not entitled to an award at this time.

6. The trial court did not err in awarding costs and attorney fees to the city, Rostow, and Solai pursuant to the mediation court rule, MCR 2.403(O). The verdict of no damages was more favorable to these defendants than the $22,500 mediation evaluation rejected by the plaintiff.

Judgment of no cause of action against the city of Center Line, Rostow, and Solai affirmed; grant of summary disposition of hostile work environment claim against the 37th District Court and Conrad reversed; case remanded for new trial on the retaliation claim against the district court and Conrad.

1. COURTS — JURIES — EX PARTE COMMUNICATIONS — APPEAL.

An ex parte communication between a judge and a jury requires reversal only where the reviewing court determines that a party has been prejudiced by the communication.

2. COURTS — JURY INSTRUCTIONS — APPEAL.

  Jury instructions are reviewed on appeal in their entirety to determine whether they accurately and fairly presented the applicable law and the parties' theories; absent an objection at trial to an instruction, review is conducted only where necessary to avoid manifest injustice.

3. CIVIL RIGHTS — CIVIL RIGHTS ACT — EMPLOYMENT — RETALIATION.

  A plaintiff claiming retaliation at work for opposing a violation of the Civil Rights Act or for participating in an investigation, hearing, or proceeding under the act establishes a prima facie case by showing that the plaintiff engaged in a protected activity, that this was known by the defendant, that the defendant took an employment action adverse to the plaintiff, and that there was a causal connection between the protected activity and the adverse employment action (MCL 37.2701; MSA 3.548[701]).

4. CIVIL RIGHTS — CIVIL RIGHTS ACT — EMPLOYMENT — RETALIATION.

  A supervisor's decision not to take action to stop harassment by co-workers in retaliation for an employee's opposition to a violation of the Civil Rights Act can constitute an adverse employment action in support of a claim of retaliation under the Civil Rights Act (MCL 37.2701; MSA 3.548[701]).

5. CIVIL RIGHTS — CIVIL RIGHTS ACT — HOSTILE WORK ENVIRONMENT.

  A plaintiff employee establishes a prima facie case of hostile work environment by showing that the employee belonged to a protected group; that the employee was subjected to communication or conduct on the basis of sex, i.e., that, but for the fact of the employee's sex, the employee would not have been the object of harassment; that the employee was subjected to unwelcome sexual conduct or communication; that the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and respondeat superior.

6. CIVIL RIGHTS — CIVIL RIGHTS ACT — ATTORNEY FEES — COSTS.

  A plaintiff in an action under the Civil Rights Act must be a financially successful or prevailing party to be entitled to an award of attorney fees and costs under the act; to be considered a prevailing party, a plaintiff must receive at least some relief on the merits of the plaintiff's claim, such as an award of damages, an injunction, or a declaratory judgment on a favorable consent decree or settlement (MCL 37.2802; MSA 3.548[802]).

*Lucetta V. Franco*, for Carrie Meyer.

*O'Connor, DeGrazia & Tamm, P.C.* (by *Julie McCann O'Connor* and *James I. DeGrazia*), for city of Center Line, Arthur Rostow and Gerald Solai.

*Garan, Lucow, Miller & Seward, P.C.* (by *Rosalind Rochkind*), for 37thDistrict Court and Jim Conrad.

Before: MARKEY, P.J., and DOCTOROFF and MURPHY, JJ.

PER CURIAM. In this action alleging sex discrimination and retaliation under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, plaintiff appeals as of right from a Macomb Circuit Court judgment of no cause of action in favor of defendants. We affirm in part and reverse in part.

Plaintiff was employed by the 37th District Court as a file clerk. She was later assigned to an accounting position at the 37th District Court's location in the city of Center Line. After being denied a position as a reserve police officer with the city of Center Line, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that she was improperly denied the position because she was a woman. The EEOC ultimately found that plaintiff failed to establish a civil rights violation.

Plaintiff alleged that, while the EEOC proceedings were pending, Jim Conrad, the administrator of the 37th District Court, told her that he had heard that she had filed a lawsuit against the city of Center Line and that the fact that she had filed the lawsuit might affect her position at the court. Plaintiff further alleged that, thereafter, she was subjected to a series of demotions, that she was subjected to harassment by co-workers, and that Conrad failed to take action in response to her complaints of harassment. As a

result, plaintiff suffered from depression and anxiety, which eventually forced her to quit her job at the 37th District Court.

Thereafter, plaintiff filed the instant case. Plaintiff's claims of sex discrimination and retaliation against the city of Center Line, Reserve Lieutenant Arthur Rostow, and Director of Public Safety Gerald Solai, and plaintiff's retaliation claim against the 37th District Court and Conrad went to trial. The jury returned a verdict finding that the city of Center Line discriminated against plaintiff, but that the discrimination was not the cause of any injury for which damages could be awarded to the plaintiff. The jury further found that none of the defendants retaliated against plaintiff. A judgment of no cause of action was entered against plaintiff.

On appeal, plaintiff first argues that the trial court erred in denying her motion for a new trial brought on the ground that the trial court's answer to a question from the jury and the subsequent loss of the note containing the question and answer were prejudicial. We disagree. A trial court's decision regarding a motion for a new trial is reviewed for an abuse of discretion. *Setterington v Pontiac General Hosp*, 223 Mich App 594, 608; 568 NW2d 93 (1997).

According to testimony given at the hearing on plaintiff's motion for a new trial, the jury sent out a note during its deliberations asking whether, once it answered "no" to a certain question on the verdict form, it was required to continue to answer the remaining questions. The trial judge indicated that he wrote the response "no" on the jury's note, and the deputy delivered the written response to the jury. Thereafter, the trial judge informed counsel of the

note and his response, and counsel did not object to his handling of the note. Plaintiff's counsel claims that the note was never discussed with counsel and that the loss of the note violated MCR 6.414(A), which provides that the court may not communicate with the jury with respect to the case without notifying the parties and permitting them to be present and that the court must ensure that all communications pertaining to the case between the court and the jury be made part of the record.

We note, however, that MCR 6.414(A) is a rule of criminal procedure pertaining to the court's responsibility during criminal jury trials and is not applicable to the civil trial conducted in the instant case. The rule of civil procedure governing the conduct of trials, MCR 2.507, does not contain similar provisions. Furthermore, an ex parte communication between a judge and the jury requires reversal only where the reviewing court determines that a party has been prejudiced by the communication. *People v France*, 436 Mich 138, 163; 461 NW2d 621 (1990).[1] Before a court can determine whether a communication was prejudicial, it must first determine whether the communication was substantive, administrative, or housekeeping. *Id.* Here, the trial court's communication was administrative because it instructed the jury regarding the manner in which it should complete the verdict form, but it did not instruct the jury on substantive law. *Id.* An administrative communication has no presumption of prejudice. *Id.* Plaintiff's failure to object when the judge informed counsel of the

---

[1] In *France, supra,* our Supreme Court expressly stated that its holding applied to both civil and criminal cases. *Id.* at 142, n 3.

communication is evidence that the communication was not prejudicial. *Id.* Moreover, plaintiff has not explained how she was prejudiced by the court's answer to the jury's question and we see no prejudice resulting from the trial court's answer to the jury's question. Therefore, the trial court did not abuse its discretion in denying plaintiff's motion for a new trial based on the court's answer to the jury's question.

Plaintiff next argues that the trial court erred in giving a supplemental jury instruction regarding the retaliation claim. We disagree. We review jury instructions in their entirety to determine whether they accurately and fairly presented the applicable law and the parties' theories. *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 101; 593 NW2d 595 (1999). Because plaintiff failed to object to the instruction on the record before the jury retired to deliberate, MCR 2.516(C), this Court will review the issue only where necessary to avoid manifest injustice. *Phinney v Perlmutter*, 222 Mich App 513, 557; 564 NW2d 532 (1997).

The trial court gave the following instructions regarding the retaliation claim against the city of Center Line, Arthur Rostow, and Gerald Solai:

> Plaintiff also claims that the City of Center Line, and/or Arthur Rostow and/or Gerald Solai, that they, one or all, retaliated against her in violation of the Michigan Elliot Larsen Civil Rights Act.
>
> In order to establish a case for retaliation Plaintiff must prove the following; that she engaged in protective [sic] activity which is the filing of EEOC charges against the City of Center Line; that her protected activity was known to her employer; that her employer retaliated against her, and that there was a causal connection between the protective [sic] activity and the retaliation.

Counsel, may I see you, please.

(Bench conference.)

*Ladies and gentlemen, I need to add an instruction here. That in reading the instruction on retaliation as to the City of Center Line, Arthur Rostow and Gerald Solai, I don't believe that this instruction meets the law. And so I would add one other condition. I will write it in. And that—that there must be a connection between the City of Center Line and/or Arthur Rostow and Gerald Solai that causes the 37th District Court to retaliate.*

*The fact, if you would find that the 37th District Court retaliated that they did it on their own without input from the City of Center Line, Reserve Lt. Arthur Rostow or Director Solai, then of course, they couldn't be charged with retaliation. And that possibility of circumstances is not contained in this instruction. So I give that to you separately at this time so that you have a correct statement. And I'll write that in as item five.* [Emphasis added.]

Supplemental instructions may be given on applicable law not covered by the jury instructions. MCR 2.516(D)(4); *Bordeaux v Celotex Corp*, 203 Mich App 158, 169; 511 NW2d 899 (1993). Supplemental instructions "must be modeled as nearly as practicable after the style of the SJI, and must be concise, understandable, conversational, unslanted, and nonargumentative." MCR 2.516(D)(4).

Here, when the instructions are read as a whole, they accurately and fairly presented the applicable law and the parties' theories. *Head, supra*. The supplemental instruction merely explained that, if the jury found that the 37th District Court retaliated, but that its retaliation was not the result of any action or encouragement on the part of the city of Center Line, Rostow, or Solai, then the city of Center Line, Rostow, and Solai could not be held liable for the retaliation. While we agree that the court's use of the term

"they" in the last paragraph of the instruction to refer to the 37th District Court made the instruction somewhat unclear, the instruction was understandable and correctly presented the law to the jury. Similarly, contrary to plaintiff's argument, we find no error in the court's use of the term "input." In the context in which it was used, the term was understandable and was not vague. Accordingly, no manifest injustice resulted from the trial court's supplemental instruction.

Next, plaintiff claims that the trial court erred in excluding from evidence sixteen offensive notes or cartoons that were allegedly left on her desk or around her work station where the documents were relevant to demonstrating an adverse employment action for the purpose of establishing her retaliation claim. We agree. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 188; 600 NW2d 129 (1999).

Section 701 of the Civil Rights Act, MCL 37.2701; MSA 3.548(701), provides, in part:

> Two or more persons shall not conspire to, or a person shall not:
>
> (a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

To establish a prima facie case of retaliation under the Civil Rights Act, a plaintiff must show (1) that the plaintiff engaged in a protected activity, (2) that this was known by the defendant, (3) that the defendant took an employment action adverse to the plaintiff,

and (4) that there was a causal connection between the protected activity and the adverse employment action. *DeFlaviis v Lord & Taylor, Inc,* 223 Mich App 432, 436; 566 NW2d 661 (1997).

Whether harassment by co-workers and a supervisor's failure to take action to prevent the harassment of an employee in retaliation for the employee's opposition to the violation of the Civil Rights Act can constitute an adverse employment action for the purposes of a retaliation claim is a question of first impression in Michigan. However, in the context of a discrimination claim, this Court explained that an adverse employment action (1) must be materially adverse in that it is more than "mere inconvenience or an alteration of job responsibilities," and (2) must have an objective basis for demonstrating that the change is adverse, rather than the mere subjective impressions of the plaintiff. *Wilcoxon v Minnesota Mining & Mfg Co,* 235 Mich App 347, 364; 597 NW2d 250 (1999).

In addition, federal circuits have addressed the issue in the context of title VII cases. While this Court is not bound by federal precedent interpreting title VII when addressing a claim under the Civil Rights Act, such precedent is highly persuasive. *Cole v General Motors Corp,* 236 Mich App 452, 456; 600 NW2d 421 (1999); *DeFlaviis, supra* at 437. In *Morris v Oldham Co Fiscal Court,* 201 F3d 784, 791 (CA 6, 2000), the Sixth Circuit Court of Appeals held that retaliatory harassment by a supervisor can be actionable in a title VII case. The court modified the standard for proving a title VII case of retaliation by stating that the plaintiff can show either that the defendant took an adverse employment action against the plaintiff *or*

that the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor. *Id.* However, the court expressly noted that it was taking no position with respect to whether an employer can be liable for a co-worker's retaliatory harassment. *Id.* at 791, n 8.

We also note that the Second Circuit Court of Appeals has held that a supervisor's failure to take action to stop retaliatory harassment by co-workers can constitute an adverse employment action for the purposes of a retaliation claim. In *Richardson v New York State Dep't of Correctional Service*, 180 F3d 426, 446 (CA 2, 1999), the court held that "unchecked retaliatory co-worker harassment, if sufficiently severe, may constitute adverse employment action so as to satisfy the second prong of the retaliation prima facie case." Recognizing that "not every unpleasant matter short of [discharge or demotion] creates a cause of action for retaliatory discharge," *id.*, quoting *Wanamaker v Columbian Rope Co*, 108 F3d 462, 466 (CA 2, 1997), the court noted that a plaintiff may experience an adverse employment action if the plaintiff endures a "materially adverse change in the terms and conditions of employment." *Richardson, supra* at 446. The court reasoned that an employee could suffer a materially adverse change in the terms and condition of her employment if her employer knew about, but failed to take action to stop, retaliatory harassment by co-workers. *Id.*

Other federal circuits have concluded that such harassment does not constitute an adverse employment action. According to the Eighth Circuit Court of Appeals, an adverse employment action "occurs when an employee suffers some personal loss or harm with

respect to a term, condition, or privilege of employment." *Hoffman v Rubin*, 193 F3d 959, 964 (CA 8, 1999). In *Scusa v Nestle USA Co, Inc*, 181 F3d 958 (CA 8, 1999), the plaintiff argued that her co-workers treated her with hostility and shunned her after she filed a sexual harassment claim against her employer and that her supervisor failed to take action to remedy the situation. The court, noting that the plaintiff's only claim of retaliation was that she was shunned by her co-workers, held that she had not shown an adverse employment action because she suffered no diminution in her title, salary, or benefits, she received her normal pay raise, and, when requested, she was transferred to another department. *Id.* at 968-969. See also *Manning v Metropolitan Life Ins Co, Inc*, 127 F3d 686 (CA 8, 1997) (holding that employment actions that were sufficiently adverse to sustain a retaliation claim include tangible change in duties or working conditions that constituted a material employment disadvantage or an ultimate employment decision such as termination, demotion, or reassignment, and that ostracism and disrespect by supervisors did not rise to level of adverse employment action.)

We agree with the cases holding that a supervisor's decision not to take action to stop harassment by co-workers in retaliation for an employee's opposition to a violation of the Civil Rights Act can constitute an adverse employment action. Where the harassment is sufficiently severe, a supervisor's failure to take action to respond can constitute a materially adverse change in the conditions of employment. Furthermore, the purpose of § 701 of the Civil Rights Act is "to protect access to the machinery available to seek

redress for civil rights violations and to protect the operation of that machinery once it has been engaged." *Booker v Brown & Williamson Tobacco Co, Inc*, 879 F2d 1304, 1313 (CA 6, 1989). Recognizing that a supervisor's failure to stop harassment by co-workers can constitute an adverse employment action furthers the purpose of § 701 by protecting an employee from suffering adverse consequences from the reporting of a civil rights violation.

Our conclusion, that a supervisor's failure to respond to an employee's complaints of harassment in retaliation for the employee's opposition to a violation of the Civil Rights Act can constitute an adverse employment action for the purposes of a retaliation claim, leads us to further conclude that the trial court abused its discretion in excluding the notes offered by plaintiff to demonstrate an adverse employment action on the ground that they were irrelevant to her retaliation claim.

Next, plaintiff argues that the trial court erred in granting summary disposition of her hostile environment claim against Jim Conrad and the 37th District Court pursuant to MCR 2.116(C)(8) and (10). We agree.

First, defendants were not entitled to summary disposition of plaintiff's hostile environment claim pursuant to MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Jackson v Oliver*, 204 Mich App 122, 125; 514 NW2d 195 (1994). All factual allegations in support of the claim are taken as true, as well as any reasonable inferences that can be drawn from the facts. *Id.* The motion should be granted only where the claim is so clearly unenforceable as a mat-

ter of law that no factual development could possibly justify a right of recovery. *Id.*

To establish a prima facie case of hostile work environment, a plaintiff must show (1) that the employee belonged to a protected group, (2) that the employee was subjected to communication or conduct on the basis of sex, i.e., that, "but for the fact of her sex, she would not have been the object of harassment," (3) that the employee was subjected to unwelcome sexual conduct or communication, (4) that the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment, and (5) respondeat superior. *Radtke v Everett*, 442 Mich 368, 382; 501 NW2d 155 (1993). See MCL 37.2103(i)(iii); MSA 3.548(103)(i)(iii).

Plaintiff's complaint alleged that she was a member of a protected class because it alleged that she was an employee discriminated against on the basis of her gender. *Radtke, supra* at 383. The complaint further alleged that defendants discriminated against her on the basis of her gender by "creating an intimidating, hostile, or offensive employment environment," "by allowing conduct or communication of a sexually offensive nature, which had the purpose and/or effect of substantially interfering with Plaintiff's employment, to continue," and by "failing to respond to plaintiff's complaints regarding sexual harassment." In addition, plaintiff's complaint alleged that defendant Conrad was employed by the 37th District Court, that defendants Rostow and Solai were employees of the city of Center Line, and that all defendants were employers within the meaning of the Civil Rights Act.

Taking these allegations as true, plaintiff's claim is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Radtke, supra; Jackson, supra.* Therefore, defendants were not entitled to summary disposition of plaintiff's hostile environment claim pursuant to MCR 2.116(C)(8).

Similarly, the trial court erred in granting summary disposition of plaintiff's hostile environment claim pursuant to MCR 2.116(C)(10). When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), the trial court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The motion should be granted if the affidavits or other documentary evidence show that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Quinto, supra.*

A motion for summary disposition under MCR 2.116(C)(10) must be supported by documentary evidence. MCR 2.116(G)(3)(b). In addition, MCR 2.116(G)(4) provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. *When a motion under subrule (C)(10) is made and supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appro-

priate, shall be entered against him or her. [Emphasis added.]

Here, with respect to plaintiff's hostile environment claim, defendants' motion for summary disposition and supporting brief failed to specifically identify the issues with regard to which they believed there was no genuine issue of material fact, contrary to MCR 2.116(G)(4). In addition, defendants did not present documentary evidence to show that there existed no genuine issue of material fact with respect to the hostile environment claim, contrary to MCR 2.116(G)(3)(b). Because defendants did not properly present or support their motion for summary disposition under MCR 2.116(C)(10) with respect to the hostile environment claim, plaintiff had no duty to respond to the motion. MCR 2.116(G)(4); *SSC Associates Ltd Partnership v General Retirement System of the City of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991). Therefore, the trial court erred in granting defendants' motion for summary disposition of the hostile environment claim pursuant to MCR 2.116(C)(10).

Plaintiff next claims that the trial court erred in denying her request for an award of costs and attorney fees under the Civil Rights Act. We disagree. A trial court's decision whether to award attorney fees pursuant to the Civil Rights Act is reviewed for an abuse of discretion. *Grow v W A Thomas Co*, 236 Mich App 696, 714; 601 NW2d 426 (1999).

Section 802 of the Civil Rights Act, MCL 37.2802; MSA 3.548(802), provides:

A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the

costs of litigation, including reasonable attorney fees and
witness fees, to the complainant in the action if the court
determines that the award is appropriate.

The purpose of the attorney fee provision of the
Civil Rights Act is to encourage persons deprived of
their civil rights to seek legal redress, to ensure that
victims of discrimination have access to the courts,
and to deter discrimination. *Grow, supra* at 720. A
party must be a "financially successful or prevailing
party" to be entitled to an award of fees and costs
under MCL 37.2802; MSA 3.548(802). *Dresselhouse v
Chrysler Corp*, 177 Mich App 470, 483; 442 NW2d 705
(1989). To be considered a prevailing party, a plaintiff
must receive at least some relief on the merits of
plaintiff's claim, such as an award of damages, an
injunction, or a declaratory judgment on a favorable
consent decree or settlement. *Id.*

Here, the jury found that the city of Center Line
discriminated against plaintiff, but that the discrimi-
nation was not the proximate cause of her damages.
The jury further found that the city of Center Line,
Jim Conrad, and the 37th District Court did not retali-
ate against plaintiff and that defendants Rostow and
Solai neither discriminated nor retaliated against
plaintiff. Plaintiff received no relief on the merits of
her claims, was awarded no damages, and a judgment
of no cause of action was entered against her. There-
fore, the trial court did not abuse its discretion in
denying her motion for costs and attorney fees
brought under the Civil Rights Act. However, we do
not foreclose the trial court from addressing this
issue on remand.

Finally, plaintiff contends that the trial court erred
in awarding costs and attorney fees to defendants city

of Center Line, Rostow, and Solai pursuant to MCR 2.403(O). We disagree. A trial court's decision whether to grant mediation sanctions under MCR 2.403(O) is a question of law, which we review de novo. *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129; 573 NW2d 61 (1997).

MCR 2.403(O) provides:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

Here, the mediation evaluation was $22,500. Plaintiff and defendants city of Center Line and Jim Conrad rejected the mediation evaluation.[2] Defendants were entitled to costs and fees under MCR 2.403(O) because the verdict of zero damages was more favorable to defendants than the mediation evaluation. *Dresselhouse, supra* at 484. We find no error in the trial court's decision to grant mediation sanctions. However, we again note that the trial court may address this issue on remand.

We affirm the trial court's judgment of no cause of action against plaintiff with respect to plaintiff's retaliation and sex discrimination claims against the city of Center Line, Rostow, and Solai. However, we

---

[2] Plaintiff also rejected an offer of judgment based on the $22,500 mediation evaluation. However, "[c]osts may not be awarded under [MCR 2.405] in a case that has been submitted to mediation under MCR 2.403 unless the mediation award was not unanimous." MCR 2.405(E).

reverse the trial court's grant of summary disposition with respect to plaintiff's hostile environment claim against the 37th District Court and Jim Conrad and remand for a new trial with respect to plaintiff's retaliation claim against the 37th District Court and Jim Conrad.