Markman, J.
(dissenting). I respectfully dissent. Plaintiff filed suit alleging multiple claims of racial and gender discrimination. The trial court denied defendants’ motions for summary disposition, and the Court of Appeals denied leave to appeal on all but one of these motions. Powers v Post-Newsweek Stations Michigan Inc, unpublished order of the Court of Appeals, entered December 11, 2008 (Docket No. 288582). Because I believe that all but one of plaintiffs remaining claims should be dismissed, I dissent.
To raise an inference of discrimination, a plaintiff must establish a prima facie case by showing that
(1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. [Hazle v Ford Motor Co, 464 Mich 456, 463 (2001).]
Establishing a prima facie case, however, “does not necessarily preclude summary disposition in the defendant’s favor.” Id. at 463-464. Instead, the defendant can “articulate a legitimate, nondiscriminatory reason for its employment decision” that rebuts the inference of discrimination. Id. at 464. Once the defendant has articulated such a reason, the plaintiff can only survive summary disposition by demonstrating that the evidence would allow a reasonable trier of fact to conclude that the employer’s action was motivated by discriminatory animus and that the employer’s proffered reason was “ ‘a pretext for [unlawful] discrimination.’ ” Id. at 465-466 (alteration in original), quoting Lytle v Malady (On Rehearing), 458 Mich 153, 176 (1998).
Plaintiff first claims that defendants discriminated against her by not promoting her to the general sales manager (GSM) position, which was the next level above her local sales manager position. The previous GSM, Matt Kell, held the position until he died from cancer. While Kell was sick, plaintiff applied for and received short-term disability leave for work-induced depression. She was still on short-term leave when Kell died. Defendants did not seek to fill the GSM position until approximately a year after Kell passed away. By that time, defendants had terminated plaintiffs employment because she did not return after her short-term disability leave expired. The GSM position was eventually filled by a black man.
Plaintiff has failed to establish a material issue of fact regarding an adverse employment action, because the GSM position did not open until after she had effectively ended her employment by not returning when her short-term leave expired. Plaintiff has also not established an inference of a discriminatory purpose because defendants hired an individual in the same “protected class” to which she belonged. Additionally, even assuming plaintiff has established a prima facie case, defendants’ non-discriminatory reason, that defendants did not want to remove Kell from the position while he battled terminal cancer, clearly overcomes any presumption of discrimination. See Hazle, 464 Mich at *990 473. Plaintiff presented no evidence showing that defendants’ reason was a pretext for keeping her out of the position.
Plaintiff next claims discrimination based on defendants’ decision to not extend her short-term disability leave. The thrust of her argument is that defendants’ denial of an extension was based on race because Kell, a white male, had received short-term disability extensions while he battled cancer. Kell was the only employee who received extensions beyond the period set by defendants’ policy (two other white employees also did not receive extensions). I do not believe that this raises an inference of discrimination, because the differences between plaintiffs and Kell’s medical situations were drastic.[1] However, again, even assuming that plaintiff established a prima facie case, she did not rebut defendants’ non-diseriminatory reason for extending Kell’s benefits (that he was battling terminal cancer). Accordingly, I believe the presumption of discrimination “drops away,” Hazle, 464 Mich at 465, and plaintiffs claim cannot continue because she did not present further evidence showing that defendants’ actions were motivated by discriminatory animus.
Plaintiff lastly claims that defendants retaliated against her for complaining to their general manager about the mistreatment of black employees. To establish a prima facie case of retaliation, a plaintiff must show
“(1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.” [Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 273 (2005) (citation omitted).]
For one of plaintiffs claims, there are material facts in dispute regarding these elements. Plaintiff alleged that Kell’s supervisor did not discipline Kell for making plaintiffs job more difficult. A “supervisor’s decision not to take action to stop harassment” can be considered an “adverse employment action.” Meyer v Center Line, 242 Mich App 560, 571 (2000). When plaintiff complained to the supervisor regarding Kell’s behavior, he told her that Kell was upset that plaintiff had complained to the general manager about racial mistreatment and that she should leave if she did not like Kell’s behavior. I believe this arguably establishes a material dispute about whether the supervisor’s inactivity was causally connected to plaintiffs earlier complaints to the general manager.
However, I do not believe that plaintiff has presented any evidence of a causal connection between her complaints and defendants’ decisions *991 not to promote her to the GSM position and not to extend her short-term disability. Plaintiff only shows that the decision-makers for those actions had knowledge of plaintiffs past complaints, which I believe alone is insufficient to establish a causal connection between plaintiffs complaints and the alleged adverse employment actions. See West v Gen Motors Corp, 469 Mich 177, 186 (2003) (“Something more than a temporal connection between protected conduct and an adverse employment action is required to show causation where discrimination-based retaliation is claimed.”).
Accordingly, I would reverse the trial court’s decision and dismiss plaintiffs claims with respect to the GSM promotion and short-term disability leave. Likewise, I would dismiss plaintiffs retaliation claim, except with respect to the portion of that claim arising out of the supervisor’s failure to correct Kell’s alleged mistreatment of plaintiff.
Corrigan, J. I join the statement of Justice Markman.

 I respectfully disagree with Chief Justice Kelly that an inference of discrimination was raised because “no exception to defendants’ standard policy existfed] for terminally ill employees.” Ante at 988.1 do not believe any formal exception is required to explain an employer’s decision to provide an employee with extended disability care while he battled a serious cancer that would eventually cause his death.