# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM COON,

Plaintiff-Appellant,

v

PROCESS PROTOTYPE, INC.,

Defendant-Appellee.

UNPUBLISHED
October 17, 2017

No. 333183
Wayne Circuit Court
LC No. 15-006484-CB

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), and dismissing his complaint in its entirety. We affirm in part and reverse in part.

## I. BACKGROUND

Plaintiff produces cylinder heads for high performance racing engines. Defendant is a foundry that casted plaintiff's cylinder heads for several years beginning in January 2008. On May 21, 2013, plaintiff sued defendant, asserting claims of breach of contract, breach of express and implied warranty, and fraudulent and innocent misrepresentation related to defendant's production of plaintiff's cylinder-head castings. Plaintiff alleged that defendant used inferior quality re-melt A356 aluminum in casting plaintiff's cylinder heads instead of the agreed-upon virgin A356 aluminum,[1] which allegedly led to a drastic deterioration in the quality of the castings, increased the amount of time to produce acceptable castings, and required plaintiff to perform extensive repairs on the castings. Plaintiff also alleged that defendant did not deliver the entire quantity of plaintiff's order and failed to replace deficient castings with new, higher quality castings, though defendant promised to do so. Plaintiff alleged that defendant breached its implied warranties of merchantability and express warranties and representations made to

---

[1] Re-melt A356 aluminum is created by mixing virgin A356 aluminum with A356 aluminum melted from previous parts that, for some reason, did not come out of the mold as intended. Additives are introduced to the mixed melt to ensure that it meets the chemical properties of A356 aluminum, as some foreign material may enter the mixture during the re-melt process.

plaintiff because the cylinder-head castings of inferior quality did not perform as warranted. Finally, plaintiff claimed defendant misrepresented to plaintiff that it used virgin A356 aluminum, when in fact, defendant used re-melt A356 aluminum in casting the cylinder heads.

Defendant moved for summary disposition of plaintiff's claims under MCR 2.116(C)(7), (C)(8), and (C)(10). Regarding its (C)(7) motion, defendant argued that the applicable limitations period governing plaintiff's breach of contract claim is the four-year statute of limitations under Michigan's Uniform Commercial Code (UCC), MCL 440.2725(1), and thus, any contractual claims accruing before May 21, 2009 were time-barred. Concerning its (C)(10) motion, defendant argued that there was no genuine issue of material fact that it did not breach any agreement with plaintiff regarding production of the cylinder-head castings. Specifically, defendant argued that it produced the agreed-upon quantity of cylinder-head castings. And, as for the use of re-melt A356 aluminum, defendant asserted that the use of re-melt is the industry standard and that when it learned that plaintiff wanted only virgin A356 aluminum used, defendant switched to strictly virgin aluminum and increased the price per casting from $375 to $400 in December, 2010. To support its motion, defendant submitted various invoices, shippers, and documentation of plaintiff's payments to defendant regarding the sales transactions between the parties, as well as plaintiff's deposition testimony. Finally, regarding its (C)(8) motion, defendant argued that plaintiff's tort claims alleging fraudulent and innocent misrepresentation should be dismissed under the economic-loss doctrine.

In response to the motion, plaintiff did not submit any documentary evidence or affidavits, refer to any of the documentary evidence submitted by defendant (including his own deposition testimony), or make any substantive argument to rebut defendant's motion or evidence. Instead, plaintiff argued that defendant failed to show that there were no genuine issues of material fact on plaintiff's claims, and thus, the trial court should have denied the motion on its face without any response from plaintiff. Plaintiff argued that defendant failed to specify in its motion how the documentary evidence it presented negated any of plaintiff's claims and similarly failed to submit any documentary evidence that the cylinder-head castings met the contract or warranty requirements. Plaintiff further argued that the economic-loss doctrine did not bar his fraud claims.

The trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint. With respect to each claim, the court dismissed plaintiff's breach of contract claims occurring before May 21, 2009, pursuant to MCR 2.116(C)(7), as barred by the four-year statute of limitations under MCL 440.2725(1). The court dismissed any remaining contractual claims occurring after May 20, 2009, pursuant to MCR 2.116(C)(10), on the basis that plaintiff failed to come forward with any evidence to support his claims that money was owed to plaintiff from defendant's purported breach of the parties' contract, after defendant supported its motion with documentary evidence. The court also dismissed plaintiff's tort claims alleging fraudulent and innocent misrepresentation pursuant to MCR 2.116(C)(8), concluding that the claims were barred by the economic-loss doctrine. Finally, the court, while acknowledging that defendant did not specifically address plaintiff's breach of warranty claims in its summary disposition motion, dismissed those claims pursuant to MCR 2.116(C)(10), concluding that plaintiff failed to come forward with any evidence to support his claim.

## II. ANALYSIS

### A.  Standard of Review

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), a court must accept as true the plaintiff's well-pleaded allegations and construe them in the plaintiff's favor." *Huron Tool and Engineering Co v Precision Consulting Servs, Inc*, 209 Mich App 365, 376-377; 532 NW2d 541 (1995). "The court must look to the pleadings, affidavits, or other documentary evidence to see if there is a genuine issue of material fact. If no facts are in dispute, whether the plaintiff's claim is barred by the statute of limitations is a question for the court as a matter of law." *Id.* at 377. "[I]f a material factual dispute exists such that factual development could provide a basis for recovery, summary disposition is inappropriate." *Id.*

A motion brought under (C)(10) tests the factual sufficiency of a complaint to determine whether there exists a genuine issue of material fact for trial. *Maiden*, 461 Mich at 120. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

> When making a motion under MCR 2.116(C)(10), the moving party must "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4). The level of specificity required under MCR 2.116(G)(4) is that which would place the nonmoving party on notice of the need to respond to the motion made under MCR 2.116(C)(10). *Quinto v Cross & Peters Co*, 451 Mich 358, 370; 547 NW2d 314 (1996). Further, the moving party must support its motion with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted. MCR 2.116(G)(3). If the moving party properly supports its motion, the burden "then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto*, 451 Mich at 362. If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion. MCR 2.116(G)(4); see also *Meyer v City of Center Line*, 242 Mich App 560, 575; 619 NW2d 182 (2000) (concluding that the trial court erred when it granted an improperly supported motion for summary disposition under MCR 2.116[C][10]). [*Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 369-370; 775 NW2d 618 (2009).]

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden*, 461 Mich at 119. The motion "may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (internal quotation marks and citation omitted).

B.    Summary Disposition Under MCR 2.116(C)(7)

Plaintiff first argues that the trial court erred in summarily dismissing his breach of contract and breach of warranty claims occurring before May 21, 2009, pursuant to MCR 2.116(C)(7) on the basis that they are barred by the UCC's four-year statute of limitations, MCL 440.2725(1).  We disagree.

Michigan's UCC "applies to transactions in goods."  MCL 440.2102.  "Goods" is statutorily defined as "all things, (including specially manufactured goods) which are movable at the time of identification to the contract for sale."  MCL 440.2105(1).  Cylinder-head castings constitute "goods" under the UCC, and thus, the parties' sales transactions for the castings are governed by the UCC.

"The UCC provides a four-year limitation period for actions of breach of contract." *Huron Tool*, 209 Mich App at 376, citing MCL 440.2725(1).  The four-year limitation period under MCL 440.2725(1) also applies to breach of warranty claims.  *Neibarger v Universal Cooperatives, Inc*, 439 Mich 512, 519-520; 486 NW2d 612 (1992).  Under MCL 440.2725(2), a breach of a sales contract under the UCC accrues when the breach occurs, unless the cause of action is for a breach of warranty, which accrues upon the tender of delivery.[2]  Applying the four-year limitations period under MCL 440.2725(1), plaintiff's claims are barred if they accrued before May 21, 2009.

Plaintiff argues that defendant breached the parties' agreement by using re-melt A356 aluminum instead of virgin A356 aluminum, by providing defective castings without a replacement, and by failing to produce the entire quantity ordered.  Plaintiff also argues that defendant breached express and implied warranties of merchantability by providing defective castings and by using re-melt A356 aluminum instead of virgin A356 aluminum.  In this case, the breach of contract or warranty due to defendant's alleged use of re-melt A356 aluminum and provision of defective cylinder heads occurred at the time defendant casted and delivered the heads.  Furthermore, to the extent that defendant failed to deliver the entirety of an order, any breach would occur at the time defendant delivered the order with fewer cylinder heads than plaintiff ordered.

Defendant supported its (C)(7) motion with documentation of invoices, shippers, and copies of plaintiff's payments between January 10, 2008, through February 28, 2011.  Specifically, the invoices and shippers presented by defendant indicate that it casted and delivered 98 cylinder heads in 2008 and 15 cylinder heads on January 29, 2009, which occurred outside the four-year limitations period beginning on May 21, 2009.  Plaintiff did not offer any evidence or argument to rebut defendant's documentation.  Accordingly, the trial court did not

---

[2] If the warranty explicitly extends to the parties' future performance of the contract, the cause of action for breach of that warranty accrues when the breach is, or should have been, discovered.  MCL 440.2725(2).  Because plaintiff does not argue that the alleged warranty extended to future performance, any cause of action in this case for breach of warranty accrued at the tender of delivery.  MCL 440.2725(2).

err in concluding that plaintiff's breach of contract claims and breach of warranty claims related to "any and all invoices before May 21, 2009 were barred by the statute of limitations."

The purported invoices and shippers further indicate that defendant casted and delivered another 58 cylinder heads in 2010 and 28 heads in 2011. Any breach of contract or warranty claim related to these would not be barred by the four-year limitations period under MCL 440.2725. Therefore, having determined that the trial court properly dismissed plaintiff's breach-of-contract and warranty claims for cylinder heads casted and delivered before May 21, 2009, the remainder of this opinion pertains only to plaintiff's claims for cylinder heads casted and delivered after May 20, 2009.

C.     Summary Disposition Under MCR 2.116(C)(10)

*Plaintiff's Breach of Contract Claims.* Plaintiff argues that the trial court improperly dismissed his breach of contract claims under MCR 2.116(C)(10). We agree, in part.

To establish a breach of contract claim, plaintiff has the burden of proving "by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming the breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). At issue in this case is not whether the parties had an enforceable contract. Plaintiff's amended complaint does not include any written agreements executed by the parties. Defendant, however, does not dispute that the parties had a an enforceable agreement. Specifically, under Article 2 of the UCC, the parties' course of performance shows that they had an agreement to produce cylinder heads using A356 aluminum at $375 per head initially, increasing to $400 per head in December, 2010.

The parties do dispute, however, whether defendant breached the contract. Plaintiff's breach of contract claim is two-fold. Plaintiff first argues that defendant breached the contract by failing to deliver in working condition the entirety of the cylinder heads ordered and paid for. Plaintiff next argues that defendant breached the contract by casting the cylinder heads using re-melt aluminum instead of virgin A356 aluminum as plaintiff claims the parties agreed.

We agree that summary dismissal of plaintiff's breach of contract claim involving the quantity of cylinder-head castings was proper under MCR 2.116(C)(10). Pertinent to this claim, defendant submitted detailed records representing the sales transactions for the cylinder-head castings between the parties. Viewing defendant's business records in the light most favorable to plaintiff, this evidence demonstrated that defendant produced and delivered at least 194 cylinder-head castings in 14 different lots of varying quantities between January 2008 and February 2011, plaintiff received those castings, and defendant applied plaintiff's payments for the castings in full to those invoices. Thus, this evidence shows that defendant produced, and plaintiff received, all of the cylinder-head castings plaintiff paid for, and thus defendant did not breach the contract by failing to deliver all of the castings that plaintiff paid for. Additionally, the documentary evidence indicates that, in some cases, plaintiff rejected certain castings, which were subsequently replaced, and this confirms that defendant did not breach its alleged promise to replace the scrapped castings with new castings. Thus, defendant's motion for summary disposition was properly supported by sufficient documentary evidence to meet defendant's initial burden of production. See *Barnard Mfg*, 285 Mich App at 372.

We disagree with plaintiff's argument on appeal that the documentary evidence submitted by defendant should not have been considered because there was no evidence presented establishing its admissibility. While the documentary evidence offered to support a party's motion for summary disposition may only be considered by the trial court "to the extent that it is admissible as evidence to establish or deny the grounds stated in the motion," MCR 2.116(G)(6), the documentary evidence need not be in an admissible form at the summary disposition stage, see *Maiden,* 461 Mich at 124 n 6. Rather, at the summary disposition stage, only the *content* of the evidence need be admissible provided the offering party could fit that content into an admissible *form* by trial. See *Barnard Mfg*, 285 Mich App at 373-374.

Here, although some of defendant's documentary evidence appears not to have been in a form readily admissible at trial, the *content* of that evidence would likely be admissible at trial under the business-records exception of MRE 803(6), provided defendant laid the proper foundation for admission. Therefore, the evidence was properly considered by the trial court. Accordingly, because defendant properly supported its motion for summary disposition, the burden then shifted to plaintiff to establish that a genuine issue of disputed fact existed with respect to his claim. *Id.* at 369-370. In addressing this burden, plaintiff could not rest on mere allegations or denials in his pleading, but was required to submit his own documentary evidence, or refer to defendant's documentary evidence, to set forth specific facts showing that there was a genuine factual issue for trial. *Id.* Plaintiff, however, failed to set forth any specific facts on this breach of contract claim. Plaintiff did not rebut defendant's documentary evidence with documentary evidence of his own and his argument did not reference any of the documents, including his own deposition testimony, submitted with defendant's motion. Therefore, defendant's documentary evidence went wholly unrebutted by plaintiff. Accordingly, we agree that defendant was entitled to summary disposition on the breach of contract claim regarding the quantity of the cylinder-head castings.

Nonetheless, we find that summary dismissal was inappropriate under MCR 2.116(C)(10) for plaintiff's second breach of contract claim—that defendant breached the parties' agreement by casting some of the cylinder heads out of re-melt A356 aluminum rather than virgin A356 aluminum. Defendant did not dispute in its motion that the parties' agreement required the use of A356 aluminum or that it used re-melt metal in casting plaintiff's cylinder heads prior to December, 2010. Instead, defendant asserted that the use of re-melt in combination with virgin A356 aluminum is the common standard in the foundry industry and the use of re-melt does not change the character of the material. In other words, according to defendant, re-melt A356 aluminum is still A356 aluminum, which is the material that the parties agreed to use to cast the cylinder heads until December, 2010. Accordingly, defendant maintained that it did not breach the parties' agreement by using re-melt A356 aluminum to cast plaintiff's cylinder heads.

To support its argument, defendant purported to rely on the deposition testimony of its foundry manager of more than 20 years to confirm that defendant followed the industry standard. Unfortunately for defendant, the manager's testimony does not actually appear anywhere in the court record and defendant has not provided any citation to the manager's testimony in the record. Thus, because the manager's testimony is not in the record, neither the trial court nor this Court on appeal can consider the purported quoted material attributed to the manager when evaluating defendant's motion for summary disposition. See MCR 2.116(G)(3). Therefore, summary disposition was inappropriate on plaintiff's breach-of-contract claim involving the

castings delivered after May 20, 2009, that were manufactured using re-melt A356 aluminum. Similarly, plaintiff's breach of warranty claims were also improperly dismissed to the extent those claims are premised on the use of re-melt A356 aluminum in castings delivered after May 20, 2009.

D.      Summary Disposition Under MCR 2.116(C)(8)

Finally, plaintiff claims that the trial court erred in dismissing his tort claims alleging fraudulent and innocent misrepresentation under MCR 2.116(C)(8) on the basis that they are barred by the economic-loss doctrine.  We disagree.

In *Neibarger*, 439 Mich at 520, our Supreme Court adopted the economic-loss doctrine, which bars a plaintiff's tort claims arising from a commercial transaction in goods where the plaintiff suffers only economic losses and limits a plaintiff's remedies to the contractual remedies available under the UCC.  "The economic loss doctrine, simply stated, provides that where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses."  *Id.* (internal quotation marks and citation omitted).

This Court in *Huron Tool*, 209 Mich App at 368, 374, extended application of the economic-loss doctrine to bar intentional torts but also recognized a limited exception to the doctrine where fraud in the inducement is alleged, so long as the fraud is "extraneous to the alleged breach of contract."  "[A] claim of fraud in the inducement, by definition, redresses misrepresentations that induce the buyer to enter a contract but that do not in themselves constitute contract or warranty terms subsequently breached by the seller."  *Id.* at 375. Accordingly, fraudulent misrepresentations concerning the "quality or character of the goods sold" "relate to the breaching party's performance of the contract and do not give rise to an independent cause of action in tort."  *Id.* at 373.  This is because, "where the only misrepresentation by the dishonest party concerns the quality or character of the goods sold, the other party is still free to negotiate warranty and other terms to account for possible defects in the goods."  *Id.*  Therefore, where the fraudulent misrepresentations are "indistinguishable from the terms of the contract and warranty that plaintiff alleges were breached," plaintiff has failed to allege any wrongdoing independent of the breach-of-contract and warranty claims and is "restricted to its contractual remedies under the UCC."  *Id.* at 375.

The record confirms that plaintiff's fraud claims are not extraneous to his breach of contract and breach of warranty claims.  The alleged factual premise of each of the claims is that defendant falsely represented that it used virgin A356 aluminum in the castings, when defendant actually used re-melt A356 aluminum in alleged contravention of the parties' agreement. Accordingly, plaintiff's tort claims are indistinguishable from his contract and warranty claims, and the trial court properly dismissed the tort claims under MCR 2.116(C)(8).

## III. CONCLUSION

For these reasons, we affirm summary disposition in favor of defendant on all of plaintiff's claims except on plaintiff's breach of contract and warranty claims, but only to the extent that those claims are based on the use of re-melt A356 aluminum in cylinder-head castings delivered to plaintiff after May 20, 2009. On those latter claims, we reverse and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle