*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENYON FREDIC HEINTZ,

　　　　　　Plaintiff-Appellant,

v

AUTO-LAB HOWELL, LLC,
also known as AUTO-LAB OF HOWELL,

　　　　　　Defendant-Appellee.

UNPUBLISHED
December 29, 2020

No.  349831
Livingston Circuit Court
LC No.  18-029977-NO

Before:  O'BRIEN, P.J., and M. J. KELLY and REDFORD, JJ.

M. J. KELLY, J. *(concurring in part and dissenting in part)*.

I concur with the majority that the condition at issue does not meet the test of "effectively unavoidable" under our caselaw, but respectfully dissent from the majority's conclusion that the condition was open and obvious.

Fundamental under our court rules is the burden imposed upon the moving party to support a summary disposition motion with enough detail that the opposing party is on notice of the need to respond. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009); see also MCR 2.116(G)(4) (stating that the moving party must "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact"). The motion must be supported "with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted." *Barnard Mfg*, 285 Mich App at 369; MCR 2.116(G)(3)(b). If the motion is properly supported, then the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). But if the motion is not properly supported, then "the nonmoving party has no duty to respond and the trial court should deny the motion." *Barnard*, 285 Mich App at 370; MCR 2.116(G)(4). See also *Meyer v Center Line*, 242 Mich App 560, 575; 619 NW2d 182 (2000) (concluding that the trial court erred when it granted an improperly supported motion for summary disposition under MCR 2.116(C)(10)).

In my view, the trial court should have denied defendant's motion for summary disposition because it was not properly supported. Defendant attached a total of 23 pages of exhibits to its motion. Of the 23 pages, the first two comprise the cover sheet and table of contents. Following that is a copy of the complaint, a scant six pages of deposition transcript, an aerial photograph of the property taken on what appears to be a beautiful summer day, a printout of the NOAA Climatological and Precipitation Data for Detroit, Michigan, December 2016 (a curious document to submit given that the subject incident occurred in Livingston county's Howell, MI, which Google maps tells us is approximately 50 miles from where the incident occurred), and, finally, an unpublished opinion from this court. This whippet thin record is what we are to rely upon in deciding this motion under our de novo review. See *Barnard*, 285 Mich App at 369. And although the majority assures us that "plaintiff's testimony establishes that he knew of weather conditions on the day of his fall *including the below freezing temperature* and accumulation of snow on the ground because it snowed the night before" (emphasis added), there is no support for this proclamation in the record. Indeed, the only testimony in the record regarding the temperature and plaintiff's knowledge of it is plaintiff's deposition testimony that it "was cold," had snowed "a little bit" the night before, and that the parking lot was covered in a light dusting of snow and was not slushy. It is true that weather data submitted by defendant established below freezing temperatures on the date of plaintiff's fall, but, as noted above, this was data collected from Detroit, and were measured at the Detroit Metro Wayne County Airport, which is a considerable distance from where this incident occurred in Howell. While it may very well be that the weather, including the temperatures, were the same on this day at both the Detroit Metro Wayne County Airport and Howell, it also may be that they were not. We simply don't know.[1] And given that we are obliged to review this record in the light most favorable to Heintz and that it was defendant's burden to support its motion, I am not persuaded that defendant has met its burden establishing this point.

Cold temperatures and the presence of accumulated snow do not create an irrefutable presumption of accompanying ice. See *Hoffner v Lanctoe*, 492 Mich 450, 463-464; 821 NW2d 88 (2012) ("With specific regard to ice and snow cases, this Court has rejected the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability under any circumstances.") (quotation marks and citation omitted). Instead, the relevant question when evaluating whether ice hidden by accumulated snow is "open and obvious" is "whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id*. at 464. In *Janson v Sajewski Funeral Home, Inc*, 486 Mich. 934, 935 (2010), the plaintiff's "slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling

---

[1] In *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008), this Court explained that "[r]easonable Michigan winter residents know that each day can bring dramatically different weather conditions, ranging from blizzard conditions, to wet slush, to a dry, clear, and sunny day. As such, the circumstances and specific weather conditions present at the time of plaintiff's fall are relevant." I believe that it is equally true that reasonable Michigan winter residents know that freezing temperatures and the accumulation of snow in one part of the state does not mean that the same weather conditions exist in another part of the state. I decline to speculate that the weather conditions in Detroit on December 16, 2016 were identical to the weather conditions in Howell on the same date.

during the period prior to the plaintiff's fall in the evening." The Michigan Supreme Court concluded that "[t]hese wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection." *Id.* More recently, in *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 287; 933 NW2d 732 (2019), this Court concluded that the allegedly icy condition of the defendant's premises was open and obvious because the temperature was "well below" freezing, there had been more than 3 inches of snow accumulation in the 24-hour period before the plaintiff's fall, and the plaintiff had observed a "layer" of snow on the surface of the sidewalk.

Yet, when viewing the present record in the light most favorable to Heintz, the evidence submitted by the parties only shows that it was "cold," had snowed "a little bit" the night before, and that the parking lot was covered in a light dusting of snow but was not slushy. Unlike *Trueblood* and *Janson*, there is no record evidence indicating that the temperature in Howell where the incident occurred was below freezing or that there was a meaningful accumulation of snow prior to Heintz's fall. Moreover, even lifelong Michigan winter residents know that not all snow-covered surfaces are slippery and that most are not covered ice. Thus, as recognized in *Hoffner*, the individual circumstances must be evaluated in order to determine whether a dangerous condition is "open and obvious such that a reasonably prudent person would foresee the danger." See *Hoffner*, 492 Mich at 464. Because, when viewed in the light most favorable to Heintz, the individual circumstances in this case allow for the inference that a reasonably prudent person would not foresee the danger, I conclude that the trial court erred by determining as a matter of law that the snow-covered ice was an open and obvious condition.

I very much disagree with our state's jurisprudence as it has developed regarding the evolution and expansion of the open and obvious danger doctrine, particularly with regard to cases involving ice underneath snow. Its logic is often tortured, it allows impermissible fact finding by the courts and it ignores the concepts of comparative negligence. Nevertheless, I am obligated under *stare decisis* to follow it. If the record in this case supported its application, I would affirm, but there is insufficient evidence submitted to the trial court to factually support defendant's argument.

Summarily disposing of this action may be expedient, but it is not justice.

/s/ Michael J. Kelly