Per Curiam.
 

 Plaintiff David Sharp appeals as of right from a circuit court order granting summary disposition to defendant city of Lansing in this reverse discrimination action. Plaintiff also challenges the trial court order denying his motion for leave to file a second amended complaint. Plaintiff alleged, in his first amended complaint, that defendant violated the Civil Rights Act, MCL 37.2101
 
 et seq.;
 
 MSA 3.548(101)
 
 et seq.,
 
 and the Equal Protection Clause of the Michigan Constitution, Const 1963, art 1, § 2. Defendant argued below that approval of an affirmative action plan by the Michigan Civil Rights Commission acts as a “safe harbor” and insulates defendant from claims of discrimination. The trial court agreed that defendant was shielded from plaintiff’s discrimination claim for hiring decisions based on the approved affirmative action plan. We affirm in part and reverse in part.
 

 
 *517
 
 Plaintiff, a Caucasian male, filed this action in 1995. Plaintiff asserted that, each year since 1990, he had applied for a vacant position or positions as a firefighter with defendant’s fire department, but that his applications were rejected because of race, sex, and national origin. In his first amended complaint, plaintiff alleged generally that defendant’s hiring decisions and policies violated the Civil Rights Act and Const 1963, art 1, § 2, and he sought damages, injunctive relief, and employment as a firefighter. Plaintiff did not raise separate claims under the Civil Rights Act and the Michigan Constitution. Rather, plaintiff challenged defendant’s rejection of plaintiff’s employment applications, argued that defendant was discriminating against him, and alleged that there was no rational basis for defendant’s voluntary affirmative action plan.
 

 Defendant moved for summary disposition on the ground that it was using an approved affirmative action plan for its hiring decisions. While defendant’s motion was pending, plaintiff moved for leave to file a second amended complaint to add a claim that defendant discriminated against applicants based on residency.
 

 The trial court granted defendant’s motion for summary disposition of plaintiff’s claims under the Civil Rights Act and Const 1963, art 1, § 2 and found that there was no genuine issue of fact regarding defendant’s use of the approved affirmative action plan for hiring decisions. The trial court concluded that defendant’s use of an approved plan shielded defendant from discrimination claims pursuant to
 
 Victorson v Dep’t of Treasury,
 
 439 Mich 131; 482 NW2d 685
 
 *518
 
 (1992).
 
 [1]
 
 The trial court denied plaintiff’s motion for leave to file a second amended complaint. Plaintiff’s subsequent motion for rehearing or reconsideration was also denied.
 

 In reviewing this case, we note as a threshold matter that the trial court incorrectly characterized defendant’s motion for summary disposition as a “hybrid” of MCR 2.116(C)(8) and (10). A motion under MCR 2.116(C)(8) tests the legal sufficiency based on the pleadings alone.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim and requires consideration of proofs submitted or filed in the action to determine if a genuine issue of material fact exists to warrant a trial.
 
 Spiek, supra
 
 at 337. In this case, the trial court looked beyond the pleadings and went on to conclude that plaintiff’s claim failed as a matter of law, MCR 2.116(C)(8), only after finding no genuine issue of material fact, MCR 2.116(C)(10). For purposes of our review, we will treat the motion as having been decided under MCR 2.116(C)(10).
 
 Gibson v Neelis,
 
 227 Mich App 187, 190; 575 NW2d 313 (1997).
 

 On appeal, plaintiff argues that the trial court erred in failing to consider evidence that defendant’s affirmative action plan violates the Equal Protection Clause. Plaintiff asserts that there is no evidence of past discrimination against minorities and that the plan was
 
 *519
 
 not narrowly tailored, does not meet its objectives, and tramples on plaintiffs rights. The trial court relied solely on
 
 Victorson, supra,
 
 as authority for granting summary disposition to defendant. Plaintiff argues that even if defendant’s affirmative action plan was approved under the Civil Rights Act, MCL 37.2210; MSA 3.548(210), the plan should be subject to review under the Michigan Constitution.
 

 Since the time of the trial court’s decision in this case, a panel of this Court, in
 
 Cole v General Motors
 
 Corp., 236 Mich App 452; 600 NW2d 421 (1999), decided that an employer is insulated from liability under the Michigan Civil Rights Act whenever it would be insulated from liability under title VIL We are required by MCR 7.215(H) to follow the rule of law set out in
 
 Cole.
 
 Because plaintiff does not challenge the constitutionality of the Civil Rights Act itself, but only the validity of defendant’s affirmative action plan and the actions of defendant employer, we believe that the ruling in
 
 Cole
 
 effectively resolves plaintiff’s claim in this case. Were it not for the
 
 Cole
 
 decision, however, we would reach a different, result.
 

 First, if we were working on a clean slate, we would agree with plaintiff that even an approved voluntary affirmative action plan must be subject to constitutional review. An individual’s equal opportunity rights are “constitutionally guaranteed . . . and legislatively articulated.”
 
 Heurtebise v Reliable Business Computers,
 
 452 Mich 405, 436; 550 NW2d 243 (1996) (Cavanagh, J.). The Michigan Civil Rights Act, by constitutional mandate, carries out the constitutional protections afforded in Const 1963, art 1, § 2:
 

 No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his
 
 *520
 
 civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation.
 

 As the means of implementing the constitutional protection, the Michigan Civil Rights Act provides that an employer subject to the act
 

 may adopt and carry out a plan to eliminate present effects of past discriminatory practices or assure equal opportunity with respect to religion, race, color, national origin, or sex if the plan is filed with the commission under rules of the commission and the commission approves the plan. [MCL 37.2210; MSA 3.548(210).]
 

 Nothing in the language of either the constitution or the statute suggests that a discretionary affirmative action plan provides absolute protection to the employer or that it is not subject to constitutional review. Cf.
 
 Middleton v
 
 Flint, 92 F3d 396, 404 (CA 6, 1996);
 
 Maitland v Univ of Minnesota,
 
 155 F3d 1013, 1016 (CA 8, 1998).
 

 Second, we would hold that, despite what would occur in an action brought under title VII, an employer is not automatically granted immunity under the Michigan Civil Rights Act just because its voluntary affirmative action plan has been approved by the Michigan Civil Rights Commission.
 

 Title VII specifically bars “any action or proceeding based on any alleged unlawful employment practice” if the employer proves that it acted in good faith and in reliance on an Equal Employment Opportunity Commission opinion. 42 USC 2000e-12(b). The Michigan Civil Rights Act, however, contains no such provision. Our Legislature is presumed to have knowledge
 
 *521
 
 of existing laws,
 
 Nemeth v Abonmarche Development, Inc,
 
 457 Mich 16; 576 NW2d 641 (1998), and could have included the title VII language and created immunity for employers if it had intended to do so. Except for
 
 Cole,
 
 we would not create an immunity clause where the Legislature chose not to do so.
 

 Plaintiff also argues on appeal that the trial court failed to consider evidence that the affirmative action plan utilized by defendant was not approved by the Michigan Civil Rights Commission. Plaintiff argues that the plan was changed by defendant’s periodic review of the plan and revision of its hiring goals. We do not agree. Plaintiff has not established that defendant fundamentally changed the affirmative action plan itself when it engaged in the annual review process specifically required by the approved plan.
 

 Next, plaintiff contends that the Michigan Civil Rights Commission exceeded its authority when it approved defendant’s affirmative action plan in 1987, because the affirmative action plan delegates discretionary acts to defendant. Plaintiff argues that the commission improperly delegated decision-making authority to defendant. There is no merit to this issue. Defendant’s ministerial activities, carried out to execute the approved plan, did not involve an improper delegation of authority.
 

 Plaintiff argues that the Michigan Civil Rights Commission was required by MCL 24.285; MSA 3.560(185) to make findings of facts and conclusions of law. There is no merit to this claim. MCL 24.285; MSA 3.560(185) does not apply to the commission’s approval of defendant’s affirmative action plan because the approval was not a “contested case” as defined in MCL 24.203(3); MSA 3.560(103)(3). See
 
 *522
 

 Martin v Stine,
 
 214 Mich App 403, 409-410; 542 NW2d 884 (1995).
 

 Plaintiff argues that the trial court erred in failing to give him an opportunity to complete discovery before ruling on defendant’s motion for summary disposition. Specifically, plaintiff argues that the trial court should have waited until defendant answered plaintiff’s request for admissions. We note, however, that plaintiff did not oppose defendant’s motion for summary disposition on this ground, even though the outstanding request for admissions was discussed at the hearing regarding defendant’s motion for summary disposition. Hence, this issue is not properly before us.
 
 Peterman v Dep’t of Natural Resources,
 
 446 Mich 177, 183; 521 NW2d 499 (1994). In any event, summary disposition is not premature if the discovery does not stand a fair chance of uncovering factual support for opposing the motion for summary disposition.
 
 State Treasurer v Sheko,
 
 218 Mich App 185, 190; 553 NW2d 654 (1996). Plaintiff has failed to demonstrate that summary disposition was premature in this case.
 

 Finally, plaintiff claims that the trial court erred in denying his motion for leave to file a second amended complaint to add a discrimination claim based on residency. A trial court’s decision regarding a motion to amend pleadings is reviewed for an abuse of discretion.
 
 Weymers v Khera,
 
 454 Mich 639, 654; 563 NW2d 647 (1997). The trial court must specify its reasons for denying the motion; failure to do so requires reversal unless the amendment would be futile.
 
 Ben P Fyke & Sons v Gunter Co,
 
 390 Mich 649, 656-657; 213 NW2d 134 (1973);
 
 Dowerk v Oxford Twp,
 
 233 Mich
 
 *523
 
 App 62, 75; 592 NW2d 724 (1998);
 
 Dampier v Wayne Co,
 
 233 Mich App 714, 736; 592 NW2d 809 (1999).
 

 Here, the trial court granted defendant’s motion for summary disposition and then, “for the aforementioned reasons,” denied plaintiff’s application for leave to file a second amended complaint. The grant of defendant’s motion for summary disposition does not preclude amendment of plaintiff’s complaint.
 
 Formall v Community Nat’l Bank,
 
 166 Mich App 772, 783; 421 NW2d 289 (1988). The trial court did not specify a particularized reason for denying plaintiff’s motion and, absent a showing that amendment would be futile, its failure to do so requires reversal.
 
 Dam-pier, supra
 
 at 736. We express no opinion regarding whether defendant’s claims of delay and prejudice would justify the trial court denying plaintiff’s motion.
 

 The trial court’s grant of summary disposition for defendant is affirmed; the trial court’s denial of plaintiff’s motion to amend is reversed. We do not retain jurisdiction.
 

 Fitzgerald, J. I concur in the result only.
 

 [1]
 

 Victorson
 
 involved an unapproved, rather than an approved, affirmative action plan. Our Supreme Court has never held that an employer has blanket immunity under an approved voluntary affirmative action plan. The trial court is not alone, however, in assuming that an employer is shielded from liability under an approved plan, in reliance on
 
 Victorson’s
 
 holding that an employer is not automatically guilty of discrimination merely because its plan has not been approved.