# STATE OF MICHIGAN

# COURT OF APPEALS

JAMEELAH MEEKS,

Plaintiff-Appellant,

v

KENT COUNTY CORRECTIONAL FACILITY,
KENT COUNTY SHERIFF, RYAN DOCK,
KODY FENNEMA, REBECCA CASAREZ,
JULIE COOPER, TRAVIS K. OTTEN, CHERYL
KUBIAK,

Defendants-Appellees.

UNPUBLISHED
April 21, 2016

No. 325536
Kent Circuit Court
LC No. 14-008787-CZ

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing her case pursuant to MCR 2.116(C)(8) for failure to state a claim on which relief could be granted. After the trial court dismissed plaintiff's case, plaintiff filed a motion for reconsideration, in which she requested leave to amend her complaint. The trial court denied plaintiff's motion. We remand this case to the trial court to consider plaintiff's request to amend her complaint.

In September 2014, plaintiff filed a complaint, alleging that she was mistreated after being arrested for driving with an expired license. However, plaintiff's complaint failed to assert any specific cause of action or request any actual or compensatory damages. Defendants filed a motion to dismiss pursuant to MCR 2.116(C)(8), arguing that plaintiff failed to state a claim on which relief could be granted, which the trial court granted.

Plaintiff first argues that the trial court erred by dismissing her case and holding that she failed to state a claim under MCR 2.116(C)(8). However, plaintiff abandoned this issue by failing to cite any authority, to explain any theory of liability that she may have been trying to assert, or to rationalize how her complaint's allegations were sufficient to state a claim under any legal theory. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("An appellant's failure to properly address the merits of [her] assertion of error

-1-

constitutes abandonment of the issue."). Nonetheless, we have reviewed the issue and conclude that the trial court did not err by holding that plaintiff's complaint failed to state a claim.[1]

However, plaintiff also argues that the trial court erred by denying her request to amend her complaint. We review a denial of a request to amend a complaint for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). An abuse of discretion occurs when a trial court's decision falls outside the range of principled outcomes. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2 827 (2009).

After the trial court issued its order dismissing plaintiff's case pursuant to MCR 2.116(C)(8), plaintiff moved the court to reconsider its order of dismissal and to grant "plaintiff leave to amend her complaint."[2] In her motion, plaintiff argued that leave to amend a complaint should be granted after a court decides a motion pursuant to MCR 2.116(C)(8), and she cited relevant authority for her position. Plaintiff explained that she wished to "amend her complaint to correct the deficiencies that were made as a pro se litigant." The trial court denied plaintiff's motion for reconsideration without specifically addressing her request to amend the complaint.

Trial courts ordinarily grant motions to amend a complaint. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014). MCR 2.118(A)(1) provides that "[a] party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(2) adds that, "[e]xcept as provided in [MCR 2.118(A)(1)], a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." "Because a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons." *Wormsbacher*, 284 Mich App at 8. A trial court may deny a motion to amend for the following reasons:

> (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. [*Diem*, 307 Mich App at 216 (citation and quotation marks omitted).]

---

[1] In doing so, we reject defendants' argument that this issue is not properly before this Court. See *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 415-416; 425 NW2d 797 (1988).

[2] Although plaintiff did not specifically label her motion as a motion for leave to amend the complaint, this Court is not bound by the labels plaintiff assigned to her motion because doing so would elevate form over substance. See *Johnston v City of Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989).

-2-

"The grant of [a] defendant's motion for summary disposition does not preclude amendment of plaintiff's complaint." *Sharp v Lansing*, 238 Mich App 515, 523; 606 NW2d 424 (1999); see also *Yudashkin v Linzmeyer*, 247 Mich App 642, 652; 637 NW2d 257 (2001).

Further, MCR 2.116(I)(5) provides that if a party asserts a right to summary disposition under MCR 2.116(C)(8), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." The word "shall" indicates mandatory action. *Lamkin v Engram*, 295 Mich App 701, 709; 815 NW2d 793 (2012). Therefore, the trial court was required to give plaintiff an opportunity to amend her complaint unless amendment would not be justified. A trial court "must specify its reasons for denying [a] motion" to amend a complaint, and "failure to do so requires reversal, unless amendment would be futile." *Kincaid v Flint*, 311 Mich App 76, 95; 874 NW2d 193 (2015) (citation and quotation marks omitted). When a reviewing court "cannot discern on what basis the trial court denied [a plaintiff's] motion to amend [her] complaint," the issue should be remanded to the trial court to consider any additional claims and to "articulate its reasons for granting or denying the motion." *Id*.

In this case, the trial court did not specifically address plaintiff's motion to amend her complaint and did not articulate its reasons for the denial. Although defendants argue that any amendment would be futile because plaintiff did not state a claim or allege actual or compensatory damages in her original complaint, which entitled them to dismissal under MCR 2.116(C)(8), entry of summary disposition in favor of defendants does not preclude amendment of plaintiff's complaint. See *Sharp*, 238 Mich App at 523. Additionally, MCR 2.116(I)(5) provides a party with an opportunity to amend his or her complaint if it is dismissed under MCR 2.116(C)(8), "unless the evidence then before the court shows that amendment would not be justified." The record does not clearly support that plaintiff could not successfully amend her complaint based on the allegations in the original complaint, which had to be accepted as true, *Cork v Applebee's of Mich, Inc*, 239 Mich App 311, 315; 608 NW2d 62 (2000), and the trial court did not specify an accepted particularized reason why amendment would not be justified. Therefore, a remand is proper pursuant to *Kincaid*, 311 Mich App at 95.

We remand the case to the trial court for consideration of plaintiff's motion for leave to amend her complaint. On remand, the trial court should articulate its reasons for granting or denying the motion. We do not retain jurisdiction.

No costs under MCR 7.219, neither party having prevailed in full.[3]

/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

---

[3] We also deem plaintiff's request for appellate attorney fees abandoned because she does not rationalize the basis of her request and fails to cite supporting authority. *Peterson Novelties, Inc,* 259 Mich App at 14.