*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DETROIT,

        Plaintiff-Appellee,

v

CARMACK'S COLLISION, LLC,

        Defendant-Appellant,

and

CIT SMALL BUSINESS LENDING
CORPORATION,

        Defendant.

UNPUBLISHED
July 11, 2019

No. 343496
Wayne Circuit Court
LC No. 17-014046-CH

Before: JANSEN, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Defendant[1] appeals as of right the trial court's judgment quieting title in plaintiff's favor. We affirm.

On appeal, defendant argues that the trial court erred by granting plaintiff summary disposition because there were genuine issues of material fact regarding the legal ownership of property located at 8107 Michigan Avenue in Detroit, Michigan (the Property), and because discovery was not yet complete. Defendant also argues that summary disposition was inappropriate because plaintiff had unclean hands. We disagree.

---

[1] CIT Small Business Lending Corporation (CIT) is also a named defendant. On March 2, 2018, the trial court entered a default judgment quieting title against CIT. Therefore, Carmack's Collision, LLC, will be referred to as "defendant."

In 2002, Robert Carmack, defendant's owner, sold the Property to Financial Decisions, LLC (Financial Decisions). Financial Decisions financed the purchase by obtaining a mortgage from CIT. Financial Decisions failed to pay property taxes in 2007, and in 2009, the Wayne County Treasurer (County Treasurer) forfeited the property, and sought a judgment of foreclosure. The trial court entered a judgment of foreclosure in 2010, which vested absolute fee simple title to the County Treasurer, and extinguished CIT's mortgage.[2] The judgment of foreclosure was recorded with the Wayne County Register of Deeds. In December 2010, the County Treasurer quitclaimed the property to plaintiff, and the quitclaim deed was recorded with the Wayne County Register of Deeds. However, in 2012, Financial Decisions quitclaimed the property to defendant, and the quitclaim deed was recorded with the register of deeds in 2015. In 2017, defendant paid outstanding property taxes from 2013, which were ultimately refunded. These bills raised concern with the County Treasurer regarding the ownership of the property. Thus, plaintiff filed a complaint to quiet title, as well as a motion for summary disposition. The court granted plaintiff summary disposition, and entered a judgment quieting title in its favor.

Plaintiff moved for summary disposition under MCR 2.116(C)(10). The trial court relied on MCR 2.116(C)(8) and (C)(10) to grant plaintiff's motion for summary disposition. However, this Court treats plaintiff's motion as having been decided under MCR 2.116(C)(10) only because the trial court went beyond the pleadings to determine whether there was a genuine issue of material fact. See *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017) (treating "the trial court's decision with respect to Subrule (C)(8) as though it were made only under Subrule (C)(10)" because the trial court went beyond the pleadings to decide the defendant's motion for summary disposition), citing *Sharp v Lansing*, 238 Mich App 515, 518; 606 NW2d 424 (1999), aff'd 464 Mich 792 (2001).

This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties fails to establish a genuine issue of a material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). A genuine issue of material fact exists if, after viewing the record in a light most favorable to the nonmoving party, reasonable minds could differ on an issue. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court reviews only the evidence that was presented at the time that the motion was decided, which, under MCR 2.116(C)(10), includes affidavits, pleadings, depositions, and other evidence that the parties submitted. *Innovation Ventures*, 499 Mich at 507.

---

[2] We note that in a related case, Lower Court No. 09-014685-PZ, defendant and Carmack filed an application for leave to appeal the trial court's April 25, 2018 order denying their motion to reopen the 2009 foreclosure case. The application for leave to appeal was denied. *In re Petition of Wayne Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 343496).

This Court reviews de novo actions for quiet title, which are equitable in nature, and the trial court's factual findings for clear error. *Canjar v Cole*, 283 Mich App 723, 727; 770 NW2d 449 (2009). " 'A finding of fact is clearly erroneous when no evidence supports the finding or, on the entire record, this Court is left with a definite and firm conviction that a mistake has been made.' " *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 31; 896 NW2d 39 (2016), quoting *King v Mich State Police Dep't*, 303 Mich App 162, 185; 841 NW2d 914 (2013).

## I. SUMMARY DISPOSITION

Defendant argues that the trial court erred by granting plaintiff summary disposition because there are genuine issues of material fact regarding the legal ownership of the Property. We disagree.

MCL 600.2932, the statute governing quiet title actions, states, in relevant part:

> (1) Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

> * * *

> (3) If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this state in which the premises recovered are situated.

In a quiet title action, the plaintiff bears the initial burden of establishing a prima facie case of title to the subject property by admissible evidence. *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). Once the plaintiff establishes a prima facie case of title, the defendant must prove its superior right or title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Road Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999).

Plaintiff presented sufficient evidence to establish a prima facie case of title to the Property. On November 4, 2002, Financial Decisions purchased the Property from Carmack with a mortgage obtained from CIT. Financial Decisions failed to pay property taxes for the year 2007, which prompted the County Treasurer to initiate foreclosure proceedings. On March 30, 2010, the trial court entered a judgment of foreclosure on the Property, which vested "good and marketable absolute fee simple title [to the Property] in the Wayne County Treasurer[,]" and extinguished any interests, recorded or not, and all liens. The County Treasurer recorded the notice of the judgment of foreclosure with the Wayne County Register of Deeds on September 18, 2010, thereby extinguishing any claims to the Property. On December 18, 2010, the County Treasurer quitclaimed the Property to plaintiff for $11,388.45, which was recorded with the Wayne County Register of Deeds the same day.

Defendant fails to present any evidence to demonstrate a superior right or title in itself. The March 30, 2010 judgment of foreclosure extinguished any interest in the Property by any other interested parties. Thus, the March 31, 2012 quitclaim deed from Financial Decisions to defendant does not establish superior title because Financial Decisions did not have any interest in the Property to convey. The October 12, 2017 e-mail regarding the sale of the Property written by Shawn Turner, the executive assistant to Wayne County Treasurer Eric Sabree, sent to David Williams, an executive with the Planning and Development Department for the city of Detroit, is not evidence that there was a question of fact regarding the legal ownership of the Property. Rather, the e-mail was a statement of inquiry made before an investigation into the matter could be made. The November 2, 2017 response from Alvin Mitchell, an employee of the County Treasurer, that defendant's claim had been vetted, and it was determined that plaintiff had proper title to the Property, demonstrates that the e-mail from Turner was simply a note of inquiry.

Defendant's assertion that there is a genuine issue of material fact regarding the legal ownership of the property because it paid the property taxes on the Property is unavailing. At the outset, the fact that defendant may have paid property taxes on the Property in 2013 does not establish superior title to the Property because the County Treasurer obtained a final judgment of foreclosure nearly three years earlier. Also, the 2016 and 2017 property tax bills that defendant relies on as proof that it has superior title are for a different parcel of land. Nowhere on the tax statement page does it note the legal owner of the Property even though it appears that defendant made a payment for the Property's 2013 property taxes. Defendant does not provide any documentary evidence that it paid property taxes on the Property for any year besides 2013. In any event, the error on the part of the County Treasurer by accepting payment for the 2013 Property taxes was resolved because defendant received a refund for the payment. Accordingly, the trial court properly granted plaintiff summary disposition because there are no genuine issues of material fact regarding the legal ownership of the Property.

## II. DISCOVERY

Defendant also argues that the trial court erred by granting plaintiff's motion for summary disposition because discovery was incomplete. We disagree.

"A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009).

The trial court granted plaintiff summary disposition because there was no genuine issue of material fact as to who had proper title to the Property. As stated above, plaintiff purchased the Property from the County Treasurer after the County Treasurer obtained a final judgment of foreclosure. There is no fair likelihood that the depositions of County Treasurer employees Mary Hinton and Lynn Ciucci would yield support for defendant's position because the confusion regarding the payment of property taxes has no impact on who has proper title. At most, their depositions would shed further light on a bureaucratic error that is of no significance to the issue of proper title to the Property. Defendant did not provide the trial court with any other information regarding possible witnesses or evidence, other than Hinton and Ciucci, to

-4-

argue that further discovery was necessary. A party opposing a motion for summary disposition on the ground that discovery is incomplete must assert that a dispute actually exists, and support that specific allegation with some independent evidence. *Bellows v Del McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). Defendant failed to do so. Therefore, summary disposition was appropriate despite discovery being incomplete.

### III. UNCLEAN HANDS

Lastly, defendant argues that the trial court erred by granting plaintiff's motion for summary disposition because the October 12, 2017 e-mail proves that the sale of the Property was erroneous, and therefore, the doctrine of unclean hands should preclude plaintiff from obtaining any relief. We disagree.

When reviewing a grant or denial of equitable relief, this Court "will set aside a trial court's factual findings only if they are clearly erroneous, but whether equitable relief is proper under those facts is a question of law that an appellate court reviews de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

The doctrine of unclean hands, which applies to quiet title actions, demands that "a party who comes into equity must come with clean hands . . . ." *Richards v Tibaldi*, 272 Mich App 522, 537; 726 NW2d 770 (2006). The doctrine of clean hands "closes the doors of equity to one tainted with inequitableness or bad faith relative to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant." *Id*. This Court will decline equitable relief to a plaintiff when there are indications of unfairness or overreaching on the plaintiff's part. *Id*. The court acting in equity must consider the entire situation before deciding to grant or deny relief "as good conscience dictates." *McFerren v B&B Inv Group*, 253 Mich App 517, 522; 655 NW2d 779 (2002) (citation and quotation marks omitted).

Defendant's argument regarding unclean hands is meritless. The record contains no evidence that plaintiff acted inequitably or in bad faith, nor does defendant present any such evidence. Cf. *McFerren*, 253 Mich App at 523 (concluding that the trial court did not err when it found that the doctrine of unclean hands barred the plaintiff's action to quiet title because the plaintiff attempted to conceal assets from the federal government, and the plaintiff's former wife committed a fraud on the court). The October 12, 2017 e-mail is not evidence of unclean hands, but rather, a statement of inquiry made before an investigation into the matter could be made. If the e-mails were actually indicative of any bad faith, it would only reflect on the County Treasurer, not plaintiff; plaintiff was not a party to the foreclosure proceedings. Therefore, defendant cannot show any misconduct that would deny plaintiff equitable relief.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Riordan
/s/ Anica Letica