*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL LOCHER and PATRICIA LOCHER,

Plaintiffs-Appellants,

v

ESTATE OF BRADLEY M. ZIMMERMAN, by
LYNN ZIMMERMAN, Personal Representative,
ESTATE OF JOSEPHINE J. ZIMMERMAN, by
LYNN ZIMMERMAN, Personal Representative,
and LYNN ZIMMERMAN,

Defendants-Appellees.

UNPUBLISHED
February 18, 2020

No. 346566
Oakland Circuit Court
LC No. 2017-159250-CZ

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Plaintiffs Paul and Patricia Locher appeal as of right the trial court's order granting summary disposition to defendants of plaintiffs' claim under the Seller Disclosure Act (SDA), MCL 565.951 *et seq.*, and their claims for silent-fraud and common-law fraud. We affirm.

## I. BACKGROUND

Plaintiffs purchased a home in Pleasant Ridge, Michigan in 2015. At the time of the sale, the owners of the home, defendants Bradley and Josephine Zimmerman, had been suffering from dementia for several months and were living in assisted-living facilities. Their daughter, defendant Lynn Zimmerman, as their power of attorney, filled out the Seller's Disclosure Statement (SDS) as required by the SDA. According to Lynn's affidavit, she did so at her attorney's insistence despite the fact that she had lived out of state and knew practically nothing about the home. Lynn was not deposed during discovery and her affidavit remains uncontested. On the SDS, she indicated that the condition of numerous aspects of the home were "unknown" to her and, despite the SDS's instructions, she left several questions blank.

In their complaint, plaintiffs alleged three separate counts: one for violations of the SDA, one for common-law fraud, and one for silent fraud. The complaint listed multiple alleged defects that plaintiffs claimed Lynn was required but failed to disclose: (1) a severe mouse infestation; (2)

-1-

posts in the crawl space holding up parts of the main floor; (3) rotten plywood flooring in the master bedroom as a result of roof leaks; (4) rotten plywood under the laundry room floor due to water intrusion; (5) a leaking sliding glass door; (6) carpenter ants in the home; (7) improper installation of the water heater; (8) chimney deterioration; (9) water leaks in the basement; and (10) multiple roof leaks.

Defendants eventually moved for summary disposition. With respect to the claim alleging SDA violations, defendants argued that the SDA did not create an independent cause of action. With respect to the two fraud claims, defendants argued that plaintiffs were unable to prove numerous elements of their claims. Defendants noted Lynn's limited knowledge of the home's condition, her lack of representations in the SDS, and plaintiffs' presale inspection of the home.

The trial court granted defendants' motion. This appeal followed.

## II. ANALYSIS

## A. SELLER DISCLOSURE ACT

Plaintiffs first argue that the trial court erred when it held the SDA did not create an independent cause of action. Whether a statute creates an independent cause of action is a question of law that this Court reviews de novo. *Pitsch v ESE Michigan, Inc*, 233 Mich App 578, 586; 593 NW2d 565 (1999). "Our purpose in construing a statute is to ascertain the reasonable meaning of the specific language employed by the Legislature." *Id*.

The SDA "modifies the common law and in certain real estate transactions requires the transferor to disclose certain information in a specified format." *Roberts v Saffell*, 280 Mich App 397, 407-408; 760 NW2d 715 (2008), aff'd 483 Mich 1089 (2009).

> Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions. [*Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 695-696; 588 NW2d 715 (1998) (citations omitted).]

Although MCL 565.954(3) and (4) allow a purchaser to terminate a purchase agreement for the sale of real estate before the transfer of title if disclosures are not made as required in the SDS, the SDA provides no other remedy. See MCL 565.954-565.966. "The common-law rule with respect to real estate transactions is *caveat emptor*." *Roberts*, 280 Mich App at 402. The common law, however, recognized causes of action for fraudulent representations. The SDA likewise acknowledged existing common-law mechanisms for recovery based on "fraud, misrepresentation, or deceit in transfer transactions." MCL 565.961. We therefore conclude that the SDA does not create an independent cause of action but instead relies on common-law causes of action in fraud to operate as the SDA-enforcement mechanisms. Accordingly, the trial court properly concluded that the SDA did not create an independent cause of action.

## B. FRAUD CLAIMS

### 1. STANDARD OF REVIEW

Although the trial court's opinion and order regarding plaintiffs' fraud claims cited both MCR 2.116(C)(8) and (C)(10), this Court will treat the trial court's decision as having been rendered under MCR 2.116(C)(10) because the trial court's analysis necessarily went beyond the pleadings. See *Sharp v Lansing*, 238 Mich App 515, 518; 606 NW2d 424 (1999). We review de novo a trial court's decision to grant or deny a motion for summary disposition to determine whether the moving party was entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. When evaluating such a motion, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id.*

"[A]t common law 'a land vendor who surrenders title, possession, and control of property shifts all responsibility for the land's condition to the purchaser.'" *Roberts*, 280 Mich App at 402, quoting *Christy v Prestige Builders, Inc*, 415 Mich 684, 694; 329 NW2d 748 (1982). Yet, Michigan caselaw recognizes several fraud theories as exceptions to the general rule of *caveat emptor* in real-estate transactions: (1) traditional common-law fraud, (2) innocent misrepresentation, and (3) silent fraud. *Id*. at 403. In this case, plaintiffs advanced claims of common-law fraud and silent fraud.

### 2. COMMON-LAW FRAUD

To prove a claim of common-law fraud, also known as fraudulent misrepresentation, a plaintiff must establish six different elements:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. [*Id*.]

Unlike a claim of innocent misrepresentation, which does not require proof of intent to deceive by the party making the misrepresentation, a claim of common-law fraud does require proof of an intent to deceive. *M & D, Inc v McConkey*, 231 Mich App 22, 28; 585 NW2d 33 (1998).

Here, plaintiffs have shown to no false representation made by Lynn. This is fatal to their claim of common-law fraud. On the SDS, Lynn indicated that the condition of numerous aspects of the home were "unknown" to her and she left several questions blank. Lynn's silence simply cannot be interpreted as a material representation, regardless of plaintiffs' insistence otherwise.

Moreover, several factual problems exist with plaintiffs' claim of common-law fraud. For example, plaintiffs complain that Lynn was required but failed to disclose "posts in the crawl space holding up parts of the main floor," "rotten plywood flooring [in] the master bedroom as a result of roof leaks," and "multiple roof leaks (including a leaking roof valley)." After inspecting the home with their inspector, plaintiffs sought price reductions of $10,000 based on the condition of the roof and of $2,500 based on the crawl space. Because plaintiffs identified significant damage with respect to the roof and the crawl space—apparently $12,500 worth—it cannot be said that they reasonably relied on Lynn's "unknown" answers regarding the crawl space and her non-answer regarding the roof's condition. See, e.g., *Foreman v Foreman*, 266 Mich App 132, 141-142; 701 NW2d 167 (2005).

Furthermore, plaintiffs pursue a claim of common-law fraud with respect to the "leaking glass door" and the "carpenter ants in the home." Although there was testimony that carpenter ants were present in the neighborhood, plaintiffs produced no evidence that anyone in the Zimmerman family was aware of any purported ant infestation in the home. Likewise, there was testimony that the Zimmermans were unaware of any issue with the sliding glass door after it was replaced approximately a year earlier, and plaintiffs produced no other evidence that anyone in the family was aware of that purported issue. Plaintiffs' speculation that the Zimmerman family should have been aware of these purported issues was insufficient to survive summary disposition. See, e.g., *Libralter Plastics, Inc v Chubb Group of Ins Co*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

With regard to the plaintiffs' allegation that there was a "severe mouse infestation" in the home that Lynn knowingly failed to disclose, plaintiffs have failed to produce evidence to support their claim. Although it was undisputed that plaintiffs found mouse traps in the attic, the number of which is unknown, this hardly itself establishes an "infestation." Further, Lynn denied any knowledge that the traps were present. Plaintiffs' did not depose Lynn, and they failed to develop any record evidence from which a reasonable jury could conclude that Lynn misrepresented her knowledge when she failed to answer a question on the SDS regarding rodents.

Likewise, with respect to the alleged defects discussed above, as well as the "rotten plywood under the laundry room floor due to water intrusion," the "improper installation of the water heater," and the "chimney deterioration," plaintiffs have not identified any record evidence to support a purported intent to defraud by Lynn. See *M & D, Inc*, 231 Mich App at 28. At best, plaintiffs have demonstrated that Lynn quickly and incompletely filled out the SDS without learning about conditions on the property from either her brother or parents.

On these facts, the trial court properly granted summary disposition to defendants regarding plaintiffs' claim of common-law fraud.

## 3. SILENT FRAUD

"To prove silent fraud, also known as fraudulent concealment, the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure." *Lucas v Awaad*, 299 Mich App 345, 363-364; 830 NW2d 141 (2013). "[E]stablishing silent fraud requires more than proving that the seller was aware of and failed to disclose a hidden defect." *Roberts*, 280 Mich App at 404. Rather, "there

must be some type of misrepresentation, whether by words or action, in order to establish a claim of silent fraud." *Bergen*, 264 Mich App at 382 (cleaned up). "[T]o prove a claim of silent fraud, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Roberts*, 280 Mich App at 404.

Under the SDA, transferors of real property covered by the act are required to deliver to the transferor's agent, the prospective transferee, or the transferee's agent the written disclosure—called a seller's disclosure statement or SDS—within the timelines set forth in the act. *Id.*, citing MCL 565.954(1). MCL 565.957 provides the "form" in which "[t]he disclosures required by [the SDA] shall be made." The SDA requires that transferors complete an SDS "by answering its questions in 'good faith,' i.e., with 'honesty in fact in the conduct of the transaction.' " *Id.* at 408, quoting MCL 565.960. This Court, however, has held that "nothing in the plain terms of the SDA . . . requires a transferor of property covered by the act to exercise ordinary care to discover defects in the property being transferred." *Id.* at 408. Instead, a transferor need only disclose what he or she *actually* knows:

> While good faith and honesty are required when completing an SDS, if at the time the disclosures are required to be made, an item of information required to be disclosed under [the SDA] is unknown or unavailable to the transferor, the transferor may comply with this act by advising a prospective purchaser of the fact that the information is unknown. MCL 565.956. Further, the SDS must be completed with "the best information available *and known to the transferor*." MCL 565.957 also explicitly provides that an SDS contains only information actually known to the transferor and that the SDS is not a warranty. [*Id.* at 408-409 (cleaned up).]

"In sum, the SDA requires a transferor of certain real property to answer all items required by MCL 565.957 honestly, on the basis of information actually known to the transferor at the time the SDS is completed." *Id.* at 410.

Plaintiffs' claim of silent fraud fails for the same reasons as their claim of common-law fraud. Plaintiffs failed to offer proof that Lynn suppressed the truth about the conditions in her parents' home with an intent to defraud plaintiffs. Lynn's affidavit made clear that she had lived out of state and knew practically nothing about the home. Plaintiffs failed to depose Lynn and her affidavit remains uncontested. Plaintiffs have failed to raise a genuine question of material fact that Lynn actually knew about the alleged defects in the home and that she suppressed the truth about those conditions with the intent to defraud plaintiffs.

Affirmed. Defendants, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

-5-